■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CHAMBERS, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered October 21, 1983, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

On the morning of February 9, 1983, the correction officer engaged in unlocking cells on a cell block at Elmira Correctional Facility was confronted by defendant running toward him carrying a metal object in his hand. With the assistance of another correction officer, defendant was restrained. Immediately thereafter, prison officials learned that defendant had stabbed another inmate with the metal object he had been carrying.

State Police were summoned to investigate the incident, and thereafter defendant was indicted for assault in the second degree and promoting prison contraband in the first degree.

Defendant initially pleaded not guilty to the charges, and moved in an omnibus motion to suppress oral and written statements given to a State Police investigator who interviewed defendant at the correctional facility. A *Huntley* hearing was held at which a correction officer and the State Police officer who took defendant's statement testified. Defendant did not testify on his own behalf or present any witnesses at the *Huntley* hearing. The State Police investigator testified that prior to questioning defendant regarding the incident, he read *Miranda* warnings to defendant from a card. There was a correction officer present during most of the time the investigator interviewed defendant. After interviewing defendant for approximately 30 minutes, the investigator prepared a typewritten statement of the narrative of events as related to him by defendant. A preamble to the typewritten narrative set forth the substantive *Miranda* warnings and noted that defendant was giving the statement voluntarily. The investigator testified he asked defendant if he could read, that defendant responded affirmatively, indicated his understanding of the *Miranda* warnings, and then read and signed the typewritten statement. Following the *Huntley* hearing, the trial court issued a written decision finding that defendant's statements to the State Police investigator were voluntarily made after defendant had received *Miranda* warnings and acknowledged his understanding of those rights.

The only issue defendant raises on this appeal is that his oral and written statements should have been suppressed by the court since the record fails to adequately support the finding that defendant knowingly and voluntarily waived his rights. Despite defendant's plea of guilty, he is entitled to raise this issue on appeal (CPL 710.70, subd 2).

The credibility of witnesses at a *Huntley* hearing is a matter for the determination of the Judge conducting that hearing (*People v Gates,* 101 AD2d 635, 636). Finding, as he did, that the State Police investigator's testimony was creditable, "there was sufficient evidence before the suppression court to sustain the factual determination that defendant was duly given his constitutional preinterrogation warnings" (*People v Gonzalez,* 55 NY2d 720, 722, cert den 456 US 1010). Significant also is the fact that the *Miranda* warnings were set forth in writing on the face of the statement which defendant signed (see *People v Gates, supra,* p 636).

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.