■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER DALE ZEHNER, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered July 8, 1983, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree.

Defendant was convicted of perpetrating the crimes of rape and sodomy in the first degree on February 2, 1981. It is uncontroverted that defendant, a cab driver, picked up the victim from Griswold Heights in the City of Troy on that date. The victim alleges that he drove her onto an isolated road and sexually attacked her. After releasing her from the cab, she reported the incident to police and, from her description of the attacker, defendant was arrested at Bragel's taxi stand in Troy. He was informed of his *Miranda* rights and, after interrogation by the State Police, defendant ultimately gave a signed statement admitting that he had engaged in sexual acts with the victim; however, he contended that the acts were consensual. After accompanying the police to the State Police

barracks in Loudonville for an inspection of his cab, and after again being informed of his *Miranda* rights, defendant admitted that the sexual acts with the victim were preceded by physical force. He ultimately signed a written statement to that effect.

Defendant attacks the validity of the judgment of conviction on the grounds that (1) his constitutional right to due process was violated, (2) the jury's verdict was against the weight of evidence, (3) his right to a fair trial was compromised because of the publicity attendant on his case, and (4) the sentence imposed was harsh and excessive.

We find no merit to defendant's contentions. Defendant's due process argument is based on the delay in his arraignment, the fatigue occasioned thereby and the deceptive use of a polygraph test. All of these items, he claims, vitiated the voluntariness of his statement. Delay in arraignment is but one factor to be considered on the issue of voluntariness (*People v Hopkins,* 58 NY2d 1079, 1081). We find that the instant delay was not so exceptionally lengthy when consideration is given to the gravity of the crimes being investigated, the necessity of corroborating defendant's statement as to the occurrence of the sodomy (the information about which first surfaced from defendant) and his further revelation concerning two unresolved murders (*see, People v Carbonaro,* 21 NY2d 271, 279, *mod* 21 NY2d 971). It is undisputed that defendant was confronted with the results of the polygraph test and told that they indicated that he was not telling the truth. The use of guile or trickery by the police "need not result in involuntariness without some showing that the deception was so fundamentally unfair as to deny due process * * * or that a promise or threat was made that could induce a false confession" (*People v Tarsia,* 50 NY2d 1, 11). We find nothing egregious in the officers' conduct in the instant matter which would render defendant's confession inadmissible (*see, People v Leonard,* 59 AD2d 1; *People v Zimmer,* 68 Misc 2d 1067, *affd* 40 AD2d 955). Defendant's contention that fatigue made his confession involuntary is also not supported by the record. He neither complained of tiredness nor of hunger and, after numerous explanations of his right to remain silent, he continued nonetheless to speak to the police. The record amply supports the trial court's conclusion that defendant's statement was voluntary.

Defendant's contention that the evidence does not support the verdict is frivolous. The victim's testimony, defendant's confession, the testimony of other witnesses and medical

evidence provide sufficient evidence to support the jury's verdict.

Defendant urges that adverse publicity attendant the case denied him a fair trial. Defendant made two motions for a change of venue before trial and such requests were denied by this court. There followed a long and exhaustive selection of the jury panel which painstakingly focused on the effects of pretrial publicity. Ultimately, a jury panel was successfully selected and defendant did not renew his motion to change venue. This belies defendant's contention that trial publicity made a fair trial impossible.

Given the heinous nature of the violent felonies committed by defendant, and his prior record, we find the concurrent 8 1/3 to 25-year prison sentences imposed entirely appropriate and decline to modify them as harsh and excessive.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.