■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN A. VAUGHN, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered January 10, 1986, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

On August 3, 1985, two masked men broke into the home of an elderly woman in the Town of Windsor, Broome County. Once inside, they tied her up, robbed her, and assaulted her physically and sexually. Defendant was subsequently arrested by State Police and, after being apprised of his *Miranda* rights, was questioned regarding the incident. Defendant was initially reluctant to discuss the crime with police officers. Investigator James Carter then informed defendant that he did not care whether defendant talked since he already "had enough" without defendant's statement. Carter was referring to signed confessions by an accomplice who had entered the house with defendant and an accomplice who had stayed in the car while the crime was being committed. After being allowed to read these two statements, defendant agreed to talk and related inculpatory evidence regarding the incident.

Defendant was indicted for the crimes of burglary in the first degree, robbery in the first degree, and two counts of aiding and abetting his accomplice in the commission of these crimes. He subsequently moved to suppress his confession. Following a hearing, County Court denied the motion and defendant then pleaded guilty to burglary in the first degree in full satisfaction of the charges against him. Defendant was sentenced to a term of imprisonment of 6 to 8 years. This appeal ensued.

Defendant contends that his statement to police was elicited through deceptive conduct and thus should have been suppressed. The use of stratagems by police does not necessarily require a finding that an ensuing confession is involuntary *(People v Zehner,* 112 AD2d 465, 466, *lv denied* 66 NY2d 619). In order to render evidence gathered in such a fashion inadmissible, there must be "some showing that the deception was so fundamentally unfair as to deny due process * * * or that a promise or threat was made that could induce a false confession" *(People v Tarsia,* 50 NY2d 1, 11 [citations omitted]). Defendant argues that the statement by Carter that he did not need defendant's confession was misleading because the only evidence the police had was the statements of defendant's accomplices, which were insufficient to support a conviction in the absence of corroborative evidence *(see,* CPL 60.22). Carter did not misrepresent the existence of the statements implicating defendant nor the content of those statements. In fact, defendant was allowed to read the statements of his accomplices. To the extent that Carter may have misapprehended or mischaracterized the evidentiary value these statements would have had at defendant's trial, we do not find that this

constituted the degree of deception necessary to render defendant's ensuing statement involuntary.

Defendant's further contention that his statement was elicited by a threat from police that he would be charged with a sex crime if he did not give a statement is meritless. The only evidence to support this contention was defendant's testimony, which County Court found incredible. The court's factual determination that such a threat was never made is supported by the reasonable inferences in the record and thus should not be disturbed *(see, People v Hartley,* 103 AD2d 935, *affd* 65 NY2d 703).

Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.