■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM W. HOYER, Appellant.—Harvey, J.

On November 12, 1984, a robbery occurred at the Red Door Deli in the Town of Schoharie, Schoharie County. During the course of the robbery, the store attendant received a fatal shotgun wound in the chest. The ensuing investigation led police to believe that defendant and his brother were involved in the incident. Defendant agreed to accompany police to their headquarters for questioning. He was informed of his *Miranda* rights on the way to the headquarters and again at the headquarters before being questioned by police. Defendant waived his rights and confessed to his involvement. He was charged with several crimes arising from the incident and ultimately pleaded guilty to one count of murder in the second degree in full satisfaction of the charges against him. Following sentencing, defendant appealed.

Defendant's initial contention that his confession was elicited by the use of unfair tactics by the police is totally devoid of merit. The mere use of stratagems by police does not require a finding that a confession was given involuntarily *(People v Zehner,* 112 AD2d 465, 466). There must be "some showing that the deception was so fundamentally unfair as to deny due process * * * or that a promise or threat was made that could induce a false confession" *(People v Tarsia,* 50 NY2d 1, 11). Here, during questioning defendant became upset and started to cry. A police officer then stated to defendant that he would feel better if he got it off his chest. Defendant then calmed down and confessed to the criminal activity. Defendant's suggestion that this action by the police rose to the level of conduct which would render the confession involuntary is rejected.

Next, defendant contends that his purported subnormal mental capacity rendered him incapable of intelligently waiving his *Miranda* rights. The determination as to whether an

accused has knowingly and intelligently waived his or her rights is essentially a factual inquiry based upon the totality of the circumstances *(see, Fare v Michael C.,* 442 US 707, 725; *People v Williams,* 62 NY2d 285, 288). A person whose mental capacity is diminished can effectively waive his or her rights if the immediate meaning of the warnings has been presented in an understandable fashion *(People v Williams, supra,* at 287; *People v Millington,* 134 AD2d 645). Where the factual determinations by the court hearing the motion to suppress are supported by the reasonable inferences from the proof submitted, these determinations are generally left undisturbed on appeal *(People v Vaughn,* 134 AD2d 789; *People v Hartley,* 103 AD2d 935, *affd* 65 NY2d 703). Here, defendant was twice informed fully of his rights. There is no evidence that defendant suffered from an acute mental problem or significantly diminished capacity. Indeed, County Court found that, while his skills were modest, defendant could read and write. Defendant read the copy of his statement which police had prepared and made corrections on the statement. We conclude that County Court correctly found that defendant's confession was given knowingly and voluntarily.

Judgment affirmed. Casey, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.