■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES W. JACKSON, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered September 8, 1986, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

On December 12, 1985, an officer with the Hudson City Police Department received a tip from an informant that two individuals were selling drugs on the corner of Second and Columbia Streets. The informant described the two men, identifying defendant by name, and stated that they each had 5 to 10 packets of "coke". Police officers drove by the location and, after confirming that men meeting the informant's de-

scription were there, arrested defendant and codefendant. One marihuana cigarette was found on the codefendant, but no drugs were found on defendant. After the search proved fruitless, defendant was released, but was asked to accompany the officers to the police station to answer some questions. Defendant agreed to do so.

Soon thereafter, the informant told a police officer that the drugs were hidden on a car near where the two men were arrested. The police officer returned to the scene and found drugs in the place described by the informant. When confronted with the drugs and statements by police that he and the codefendant had been under surveillance and that the codefendant was cooperating, defendant confessed that the drugs were his and that he was selling them.

After a suppression hearing, County Court ruled that the arrest was unlawful since it was not based on probable cause. However, the drugs and the statements by defendant were not suppressed. Defendant then pleaded guilty to third degree possession of a controlled substance and was sentenced to an indeterminate prison term of 1½ to 5 years. He now appeals.

Defendant claims that the drugs and his statements should have been suppressed as the result of the concededly illegal search. Initially, we hold that the evidence need not have been suppressed since it was not the product of the arrest. The search of defendant at the time of his arrest yielded no evidence. The discovery of the drugs was the result, not of the arrest, but the second, independent tip from the informant (see, People v Burr, 70 NY2d 354, 361, cert denied — US —, 108 S Ct 1294). Further, there is no claim that defendant had any reasonable expectation of privacy in the place where the drugs were found (see, People v Reynolds, 71 NY2d 552, 557; People v Rodriguez, 69 NY2d 159). The drugs were hidden in a place accessible to the public: under a rear tire of a parked car and behind the license plate of the car. Having received independent information that unlawful and dangerous contraband was secreted in a place accessible to the public, the police acted properly in seizing it.

Next, we agree with County Court that the statements made by defendant need not have been suppressed. Had such statements been made while defendant was under arrest, they certainly would have been inadmissible. However, the uncontradicted testimony at the suppression hearing states that, after no contraband was found in the search of defendant, he was released from custody and was told that he was not under

arrest. He then voluntarily accompanied the police officers to the police station. He was not handcuffed at this time. Defendant was informed of his constitutional rights before he was questioned. Thus, the questioning and defendant's responses were not the result of the unlawful arrest, but of defendant's voluntary decision to accompany the officers to the police station.

Defendant also argues that his statements should have been suppressed because they were induced by false promises and deceit. Defendant was told during questioning that he and the codefendant had been under surveillance and that the codefendant was cooperating. Neither statement was true. The use of deception or trickery by the police "need not result in involuntariness without some showing that the deception was so fundamentally unfair as to deny due process * * * or that a promise or threat was made that could induce a false confession" *(People v Tarsia,* 50 NY2d 1, 11 [citations omitted]). The statements made in this case are hardly the type that would induce a false confession *(see, e.g., People v Zehner,* 112 AD2d 465, *lv denied* 66 NY2d 619; *People v Robinson,* 31 AD2d 724). Further, there were no promises made other than a vague statement that it would be in defendant's "best interest to cooperate". Thus, we conclude that defendant's confession was voluntary and admissible.

Finally, in response to defendant's request for all *Rosario* material, the prosecutor neglected to provide him with certain Grand Jury minutes. When the error was discovered, the material was turned over and the suppression hearing was reopened to allow defendant further cross-examination. In our view, defendant was not prejudiced by this error by the People.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.