■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY PARHAM, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a conviction for robbery in the second degree. We conclude that the court did not abuse its discretion in permitting several prior convictions to be utilized to impeach the defendant; that defendant failed to present any factual basis for the claim that he was denied a fair trial because there were no blacks on the jury *(see,* CPL 270.10, 270.20); that the People amply demonstrated an independent source for the in-court identification of the defendant; that the jury verdict was supported by legally sufficient evidence; and that, upon our independent review of the record,

the verdict was not contrary to the weight of evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

We reject defendant's claim that the trial court erred in permitting the prosecutor to cross-examine a defense witness regarding the underlying facts of a crime of which he was acquitted. The questioning also related to the witness's commission of a separate and distinct prior bad act, his violation of a Family Court order of protection, and the examination as to that act was proper *(see, Matter of Victoria SS.,* 108 AD2d 989, 991).

The defense sought to call a witness who would testify that one of the prosecution eyewitnesses admitted that he had committed the crime. The court refused to allow the witness to testify, holding that the defense failed to establish an adequate foundation. We agree. Neither defendant's counsel nor counsel for his codefendant laid a proper foundation to determine whether the statement was made and describing the circumstances under which the statement was made *(see, People v Wise,* 46 NY2d 321, 326; Richardson, Evidence § 502 [Prince 10th ed]).

Finally, we conclude that the trial court properly refused to submit the accomplice status of two prosecution witnesses to the jury as an issue of fact. The witnesses talked with defendant and his codefendant prior to the victim's appearance on the scene, but there is no evidence that they participated with defendant or his codefendant in any criminal acts. Under the circumstances, there was no evidentiary basis for submitting the issue to the jury *(see, People v Fielding,* 39 NY2d 607; *People v Strawder,* 124 AD2d 758; *People v Aleschus,* 81 AD2d 696, *affd* 55 NY2d 775). (Appeal from judgment of Cayuga County Court, Corning, J.—robbery, second degree.) Present—Callahan, J. P., Doerr, Pine, Balio and Davis, JJ.