■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY J. DONSON, Appellant.—Kane, J. P., Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered July 25, 1986, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

On January 24, 1986, in connection with an investigation concerning a series of burglaries in the Town of Vestal, Broome County, defendant was asked to accompany two police officers to the Vestal Police Department. Defendant was not arrested and no questions were asked of him on the ride to the police station. Once there, defendant was advised of his constitutional rights through the use of a *Miranda* warning form. At 2:15 P.M., after being advised of his rights, defendant signed the form acknowledging that he had received his rights and that he was waiving them. After approximately two hours of questioning, defendant confessed and thereafter signed a written statement. He was thereafter indicted for two counts of burglary in the second degree. Defendant initially pleaded not guilty and moved to suppress the oral and written statements he made. A *Huntley* hearing was held after which County Court denied the motion with respect to the oral admissions; the court did, however, suppress defendant's written statement. Defendant then pleaded guilty to one count of burglary in the second degree in full satisfaction of the charges and was sentenced to a prison term of 3⅓ to 10 years.

In appealing his conviction, defendant raises three arguments, all involving the denial of the motion to suppress his oral admissions. Initially, defendant claims that his statements were made after he requested the assistance of counsel and therefore his constitutional rights were violated *(see,* NY Const, art I, § 6). This argument is lacking in merit. At the hearing, one of the officers who had questioned defendant denied that defendant ever asked for an attorney. Defendant, however, testified that he did make such a request upon receipt of his *Miranda* warnings. County Court accepted the officer's testimony. The credibility of witnesses at a *Huntley* hearing is the responsibility of the Judge conducting the hearing *(People v Chambers,* 105 AD2d 1013, 1014; *People v Hartley,* 103 AD2d 935, 936, *affd* 65 NY2d 703) and, given that County Court accepted the officer's version, there was sufficient evidence to sustain the finding that defendant made no request for an attorney. It is also significant, as the court noted, that the *Miranda* warnings were set forth in writing on the form, as was defendant's waiver of his rights, and that

defendant signed the form *(see, People v Chambers, supra,* at 1014).

Next, defendant claims that his statements should have been suppressed because they were procured by the threats and promises of the officers who questioned him. However, "[t]he use of stratagems by police does not necessarily require a finding that an ensuing confession is involuntary" *(People v Vaughn,* 134 AD2d 789, 790). For the confessions to be found inadmissible, the actions by the officers must have been so unfair as to have denied defendant due process or created a substantial risk that defendant might falsely incriminate himself *(see, supra; see also,* CPL 60.45). This was not the case here. One of the officers who interviewed defendant testified that no promises were made to defendant and that defendant was told only that if he cooperated, it would help before the court. However, defendant was told it was still up to the court what would happen. Defendant claimed that he was told if he cooperated, any sentence he received would be served in a local jail as opposed to a State prison. The officer denied this. Defendant was also confronted with physical evidence, as well as a tape implicating him. County Court accepted the officer's version and there is no reason to disturb this finding. There were no impermissible promises or threats *(see, People v Perry,* 77 AD2d 269, 272-273). There were no absolute assurances that if he cooperated he would get favorable treatment *(see, supra).* Nor did the promises or presentation of evidence pose any threat of a false statement *(see, People v Taber,* 115 AD2d 126, 127, *lv denied* 67 NY2d 657).

Finally, defendant argues that his right to counsel attached before he made his oral statements to the officers. It is true that once the police have been informed that a lawyer has undertaken to represent a defendant, the person held in connection with criminal charges may not validly waive the assistance of counsel except in the presence of counsel *(People v Garofolo,* 46 NY2d 592, 599). Here, however, the record supports County Court's conclusion that the oral statements were made prior to the attempts of his attorney to contact him. The officer who questioned defendant stated that his oral statements were made between 4:00 P.M. and 4:15 P.M. Nothing in the record disputes this. Defendant argues that because the tapes of incoming phone calls for that day were destroyed, it should be presumed that defendant's attorney called before defendant made his statements. However, the attorney who called defendant testified that he first attempted contact at

4:50 P.M. Therefore, this final argument of defendant is also rejected.

Judgment affirmed. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.