THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY PETERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered November 4, 1987, convicting him of murder in the second degree (two counts) and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This case arises out of a robbery during the course of which the victim was stabbed and shot to death and the proceeds of a "Las Vegas night" held at the victim's place of employment were taken. After the police told the defendant's father that they believed that his son was involved in the crime, the father located his son in California and brought him back to Newark Airport. They were met at the airport by Port Authority police officers who turned the defendant, who was still accompanied by his father, over to New York City police officers at the Goethals Bridge. The defendant and his father were thereupon escorted directly to the police station. Once at the station, the defendant, who told the officers that he was 21 years of age, was read his Miranda rights. At trial the defendant's father testified that one of the detectives who

questioned the defendant became angry when he requested an attorney for his son. The detective allegedly slammed some papers on a table and said that the defendant had already been implicated by the other suspects and that he did not need a lawyer. The detective, however, denied this and also denied that the father had requested an attorney. In any event, the defendant proceeded to make a statement confessing that he had robbed and shot the victim. At no time was the defendant handcuffed or separated from his father. After the initial statement, the father was required to leave the room while a videotaped statement was prepared.

On appeal, the defendant does not argue that his father's alleged request for an attorney constituted an assertion of his constitutional rights. Rather, he argues that at the trial the People failed to prove beyond a reasonable doubt that the statements made by him were voluntarily made and, therefore, that the jury should not have been permitted to consider them. We disagree.

Whether a statement is involuntary is essentially a factual inquiry based upon the totality of the circumstances (see, *People v Casassa,* 49 NY2d 668; *People v Anderson,* 42 NY2d 35; *People v Spivack,* 111 AD2d 884). The use of questioning stratagems by the police does not necessitate a finding that the ensuing confession was involuntary. To render a confession inadmissible there must be a showing that the police conduct was so fundamentally unfair as to deny due process, or that a promise or threat was made that could induce a false confession (see, *People v Tarsia,* 50 NY2d 1, 11; *People v Donson,* 147 AD2d 815; *People v Jackson,* 143 AD2d 471; *People v Hoyer,* 140 AD2d 853). Here, the defendant was with his father from the time that they were met at the airport upon his return from California up until, and including, the time that he made his first statement at the police station. Even assuming, arguendo, that the detective became agitated when the defendant's father requested an attorney, such conduct did not render the statements involuntary. There were no assurances made by the police to the effect that the defendant would receive favorable treatment if he cooperated (see, e.g., *People v Donson, supra).* Further, the videotape of the defendant making the statement demonstrates that the defendant spoke without any visible signs of coercion or intimidation (see, e.g., *People v Spivack,* 111 AD2d 884, *supra; People v Epps,* 104 AD2d 1047). In brief, there was absolutely no showing that the defendant was denied due process or that promises or threats were made that may have induced a false

confession *(see, People v Tarsia, supra; People v Donson, supra; People v Jackson, supra)*. Accordingly, the jury was properly permitted to consider the defendant's statements.

The defendant also contends that the court erred in failing to charge the jury that the police testimony at trial should be evaluated in the same manner as the other testimony. Although an instruction to that effect should ordinarily be given *(see, People v Pascullo,* 120 AD2d 687; *People v Brown,* 109 AD2d 746; *People v Gadsen,* 80 AD2d 508), the record indicates that the defendant failed to raise this objection to the charge at trial, and, accordingly, his claim is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Whalen,* 59 NY2d 273, 279-280). Moreover, under the circumstances of this case reversal is not warranted in the interest of justice.

Finally, we have considered the defendant's claim that the sentence imposed was excessive and find it to be without merit *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.