■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DOUGLAS E. JOHNSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered January 22, 1985, convicting him of murder in the second degree (three counts) and rape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant made several statements to the police and to a fellow inmate. Because all of these statements were properly received in evidence, we now affirm.

Questions of whether a defendant is within the custody of the police are "to be resolved by the application of the objective standard of whether a reasonable person in the defendant's position, innocent of any crime, would have believed he was free to leave the presence of the police" *(People v Bailey,* 140 AD2d 356, 358; *see also, People v McIntyre,* 138 AD2d 634; *People v Oates,* 104 AD2d 907). "[W]hether a particular interrogation is custodial is largely a question of fact and the hearing court's findings should not be disturbed unless they are against the weight of the evidence" *(People v McIntyre, supra,* at 636; *see also, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Putland,* 105 AD2d 199; *People v Oates, supra).*

In this case, the evidence is clear that the defendant was not in custody when he initially made an inculpatory statement to the police. It is also clear that his first statement was voluntary *(see, People v Tarsia,* 50 NY2d 1, 11; *People v Peters,* 157 AD2d 806; *People v Donson,* 147 AD2d 815; *People v Jackson,* 143 AD2d 471; *People v Hoyer,* 140 AD2d 853; *People v Vaughn,* 134 AD2d 789). Based upon this statement, the police had probable cause to arrest the defendant *(see generally, People v Mercado,* 68 NY2d 874, *cert denied* 479 US 1095; *People v Landy,* 59 NY2d 369; *People v McRay,* 51 NY2d 594). Thus, the defendant's subsequent confessions to the police, which also were voluntary and preceded by *Miranda* warnings, were not the result of an illegal arrest and were properly received in evidence.

Further, there is no evidence to support the defendant's contention that his statements to the inmate should have been suppressed on the ground that the inmate was acting as an agent for the police. Thus, these statements also were properly received in evidence *(see, People v Blake,* 127 AD2d 602; *People*

*v Ross,* 122 AD2d 538; *People v Johnson,* 122 AD2d 76; *People v Graham,* 120 AD2d 674).

While it was error to charge depraved indifference murder and intentional murder in the conjunctive rather than in the alternative *(see, People v Gallagher,* 69 NY2d 525) the error is not preserved for appellate review as a matter of law and we decline to reverse in the interest of justice because of the overwhelming evidence of the defendant's guilt.

We have considered the defendant's remaining contentions and find that they are unpreserved for appellate review or without merit. Brown, J. P., Rubin, Sullivan and Harwood, JJ., concur.