■ In the Matter of WILINSTON BB., Alleged to be a Juvenile Delinquent, Appellant. WILLIAM J. CONBOY II, as Albany County Attorney, Respondent.—Mercure, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered May 15, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent appeals a juvenile delinquency adjudication, based upon Family Court's determination after a fact-finding hearing that he committed acts which, if committed by an adult, would constitute rape in the first degree and sodomy in the first degree, contending primarily that Family Court erred in refusing to suppress his written confession. We disagree. None of the coercive factors pointed to by respondent required a finding that the confession was involuntarily made *(see,* Family Ct Act § 344.2 [2]). While nothing prevented the police from questioning respondent at his home, the selection of the police station as the location of the interview was by no means unreasonable, particularly since respondent and his mother voluntarily accompanied the police officers and the interview was of reasonable duration and conducted in a facility designated as a suitable place for the questioning of children *(see,* Family Ct Act § 305.2 [4] [b]; *Matter of Luis N.,* 112 AD2d 86; *Matter of Kenneth C.,* 125 Misc 2d 227, 230-231). Further, we find no basis in the record for a finding that the participation of trained child protective workers constituted "improper conduct or undue pressure which impaired * * * respondent's * * * mental condition to the extent of under-mining his ability to make a choice" (Family Ct Act § 344.2 [2] [a]).

There is no evidence that respondent was tricked into confessing or that the offers of help for respondent and his family created a substantial risk that respondent might falsely incriminate himself *(see,* Family Ct Act § 344.2 [2] [b] [i]; *People v Donson,* 147 AD2d 815, 816, *lv denied* 73 NY2d 1014; *People v Vaughn,* 134 AD2d 789, 790-791). Especially disingenuous is the contention that respondent was coerced by both the presence and absence of his mother. The record

discloses that respondent's mother accompanied him to the police station and was present with him during the initial phase of the interview, encouraging him only to be truthful in his responses. Thereafter, because it was apparent that respondent was reluctant to discuss sexual matters in her presence, respondent's mother made the suggestion, freely acquiesced in by respondent, that she leave the room. Shortly after his mother left the room, respondent began making inculpatory statements. In our view, the record evidences a proper exercise of parental guidance and influence which was exercised independently and not at the behest of the police *(see,* Family Ct Act § 305.2 [8]; *Matter of Raymond W.,* 44 NY2d 438, 440-441; *Matter of Kenneth C., supra,* at 238-239).

Finally, while there is merit to the contention that Family Court erred in certain of its evidentiary rulings, the errors were harmless in view of the overwhelming evidence of respondent's guilt *(see, People v Crimmins,* 36 NY2d 230).

Mahoney, P. J., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.