■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JESUS ROSARIO, Appellant, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, et al., Respondents.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.— Habeas Corpus.) Present—Callahan, J. P., Boomer, Pine, Boehm and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY RAY SHINE, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's argument that County Court erred in sentencing him as a second felony offender. Defendant failed to controvert any of the allegations in the predicate felony offender statement at the time of sentencing. Thus, that issue has not been preserved for appellate review *(see,* CPL 400.21 [3]; *People v Smith,* 73 NY2d 961). In any event, defendant's prior felony conviction for grand larceny in the third degree properly qualifies as a predicate felony for purposes of the second felony offender sentencing statute (Penal Law § 70.06 [1] [b] [i]). Furthermore, as part of defendant's favorable plea bargain, he expressly agreed to be sentenced to the minimum permissible term as a second felony offender. In our view, defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147). (Appeal from Judgment of Cattaraugus County Court, Kelly, J.—Attempted Criminal Possession Forged Instrument, 2nd Degree.) Present—Callahan, J. P., Boomer, Pine, Boehm and Doerr, JJ.