■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MOSELY, Appellant.—Judgment, Supreme Court, Bronx County (Irene Duffy, J.), rendered July 16, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1½ to 4½ years imprisonment, unanimously affirmed.

Defendant was arrested for selling narcotics to an undercover police officer. At the pre-trial hearing, the court ruled that it would allow testimony relative to three uncharged drug sales to demonstrate that the defendant had acted in concert with his accomplice. The defendant argues that this

evidence unduly influenced the jury and thus denied him a fair trial. This objection is unpreserved and, in any event, is without merit. The People properly used evidence of the three uncharged drug sales to demonstrate that the defendant had acted in concert with his accomplice. *(People v Jackson,* 39 NY2d 64, 68.) During the three uncharged sales, the defendant directed the prospective purchasers and received buy money from his accomplice. These other crimes are "inextricably interwoven" with the facts of the crime charged, and their probative value outweighs the potential for prejudice, if any *(People v Ely,* 68 NY2d 520, 529).

Considering the overwhelming evidence of the defendant's guilt *(People v Crimmins,* 36 NY2d 230), we find any prejudicial error in the prosecutor's summation to have been harmless, and further note that the claim was, in any event, not preserved. Concur—Carro, J. P., Rosenberger, Wallach and Ross, JJ.