THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JAMES M. SWIMLEY, Appellant.—Judgment unanimously affirmed. Memorandum: The court properly denied defendant's motion to suppress his statement to the police. The record supports the suppression court's conclusion that defendant's waiver of his *Miranda* rights was knowing, intelligent and voluntary. Although defendant testified that he had a lot of whiskey and very little sleep before giving his statement, the evidence does not support a finding that defendant was so intoxicated or fatigued that he was incapable of intelligently waiving his rights or comprehending the meaning of his statement *(see, People v Perry,* 144 AD2d 706, *lv denied* 73 NY2d 925). Further, the fact that Officer Rose told defendant that it would be in his best interest to make a statement does not warrant suppression of the statement *(see, People v Tarsia,* 50 NY2d 1, 11; *People v Jackson,* 143 AD2d 471, 473).

Defendant's contention that the warrantless arrest at his home was illegal *(see, Payton v New York,* 445 US 573) and that his statement therefore should have been suppressed as the fruit of an illegal arrest *(see, People v Harris,* 77 NY2d 434) was not raised either in defendant's written motion or at the suppression hearing. Consequently, the issue is not preserved for our review *(see, CPL 470.05 [2]; People v Martin,* 50 NY2d 1029, 1030-1031; *People v Ruggles,* 159 AD2d 969, *lv denied* 76 NY2d 864, 77 NY2d 1000) and we decline to reach it in the interest of justice.

Defendant was provided meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147) and the sentence imposed is neither harsh nor excessive. (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Rape, 1st Degree.) Present —Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.