■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CAMPISI, Also Known ANGEL CARZOGLIO, Appellant. [623 NYS2d 232] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered September 10, 1991, convicting defendant, after a jury trial, of robbery in the first degree, burglary in the first degree, assault in the first degree, criminal impersonation in the first degree, and unlawful wearing of a body vest, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years on the robbery, burglary and assault counts, and 2 to 4 years on each of the remaining counts, unanimously affirmed.

Defendant has failed to preserve two of his claims regarding the admission of evidence of uncharged crimes *(People v Guerrero,* 191 AD2d 251, *lv denied* 81 NY2d 1014), and we decline to review them in the interest of justice. If we were to review them, we would find that testimony that one of the victims of the robbery was taken to the rooftop and raped by two of defendant's accomplices in order to "use her as an example" so that she and her friends would reveal the drug location that defendant and his cohorts sought to rob, "was admissible to complete the narrative of the episode" *(People v Gines,* 36 NY2d 932, 932-933), was " 'inextricably interwoven' " with the facts of the crimes charged *(People v Mosely,* 187 AD2d 374, 375), and served as "necessary background information" in the case *(People v Vega,* 169 AD2d 586, 587).

Evidence of defendant's use of an alias was admissible, even though defendant did not testify, in order to explain the discrepancy caused by defendant when he signed his confession using the last name of his alias and his true first name *(People v Vernon,* 209 AD2d 283).

As to the preserved claim, defendant was not prejudiced by the erroneous admission of testimony that two of his accomplices fled from the scene in a car with a screwdriver in its ignition, in light of the court's curative instructions, and defendant's failure to either object to the instructions or move for a mistrial thereafter *(People v Heide,* 84 NY2d 943).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach and Tom, JJ.