■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TWAN CONWAY, Appellant. [632 NYS2d 1009] —Judgment unanimously affirmed (see, People v Saunders, 190 AD2d 1092, 1093, lv denied 81 NY2d 1019). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Attempted Criminal Possession Weapon, 2nd Degree.) Present—Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN H. C., Appellant. [632 NYS2d 1008] —Adjudication unanimously affirmed (see, People v Saunders, 190 AD2d 1092, 1093, lv denied 81 NY2d 1019). (Appeal from Adjudication of Erie County Court, LaMendola, J.—Youthful Offender.) Present—Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL JAMISON, Appellant. [632 NYS2d 353] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court improperly sentenced him as a second felony offender. Because, at the time of sentencing, defendant failed to controvert the allegations in the second felony offender statement and admitted that he was convicted of possession of a controlled substance as a felony in California in 1993, that contention has not been preserved for our review (see, People v Gessner, 188 AD2d 1079, lv denied 81 NY2d 1073; see also, People v Smith, 73 NY2d 961, 962-963; People v Shine, 186 AD2d 1041, lv denied 80 NY2d 1030). There is no merit to the contention of defendant that the sentence is unduly harsh or severe.

The suppression court's determination that the statements of defendant were voluntarily made after he knowingly, intelligently and voluntarily waived his Miranda rights is supported by the record (see, People v McPherson, 213 AD2d 1074, lv denied 85 NY2d 977). The contention of defendant that the statement should have been suppressed as the fruit of an illegal warrantless arrest at his home (see, Payton v New York, 445 US 573) was not raised either in defendant's motion papers or at the suppression hearing. Therefore, that issue has not been preserved for our review (see, CPL 470.05 [2]; People v Swimley, 190 AD2d 1070, 1071, lv denied 81 NY2d 977). (Appeal from Judgment of Ontario County Court, Harvey, J.—Robbery, 2nd Degree.) Present—Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.