■ The People of the State of New York, Respondent, v Carlos Bibiloni, Appellant. [632 NYS2d 555] —Judgment, Supreme Court, Bronx County (John Collins, J., on suppression motion; Phylis Skloot Bamberger, J., at trial), rendered October 15, 1992, convicting defendant, after a jury trial, of criminal use of a firearm in the first degree, manslaughter in the first degree, and criminal possession of a weapon in the second degree and sentencing him to concurrent terms of $12^1/_2$ to 25 years, $8^1/_3$ to 25 years, and 5 to 15 years, respectively, unanimously affirmed.

In response to defendant's motion to suppress identification testimony, the People alleged that defendant was known to the witnesses for over one year and that defendant, the deceased, and the witnesses had lived in the same area. Citing People v Tas (51 NY2d 915), the People argued that where the parties were known to each other, no Wade issue was raised, and the court denied defendant's motion on this ground. In addition to the one eyewitness who testified to his pretrial identification of defendant in a lineup, there were two other witnesses, not taking part in any pretrial identification procedures, who testified that they saw defendant shoot the victim. Moreover, although defendant attacked the witnesses' credibility at trial, he admitted that he knew each and every one of them. Therefore, any error in failing to conduct an identification hearing was harmless.

Contrary to defendant's claim, that the court erred in admitting testimony about the shooting of the victim's dog during the crime because it served only to show defendant's propensity to commit murder, the testimony was admissible because it was part of the narrative of the episode and was inextricably interwoven with the facts of the crimes charged. (*People v Campisi*, 213 AD2d 186.) Moreover, the police testimony concerning the dog corroborated the eyewitnesses' accounts of the shooting. In any event, the court alleviated the prejudice defendant might suffer as a result of admission of such evidence by ascertaining from the jurors, during *voir dire*, that testimony about the shooting of a dog would not affect their ability to be impartial. Defendant's claim that limiting instructions should have been given to the jury on this matter is unpreserved as a matter of law and we decline to review it in the interest of justice. Concur—Sullivan, J. P., Kupferman, Williams and Tom, JJ.