■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR LINDERBERRY, Appellant. [634 NYS2d 571] —Cardona, P. J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered March 8, 1993, upon a verdict convicting defendant of the crime of kidnapping in the second degree.

On March 13, 1992, at approximately 9:30 A.M., defendant approached the victim who had just exited her car in the City of Ithaca, Tompkins County. Defendant forced the victim to get back into the car by telling her that he had a knife, had used it once already that day and did not want to have to use it again. He also warned her not to be "stupid". The victim slid over to the passenger seat and defendant got behind the wheel. For the next 3 1/2 hours defendant, who was wanted in connection with the murder of his ex-wife, drove the victim's vehicle through Tompkins, Tioga and Broome Counties in an effort to evade police roadblocks and hide in Pennsylvania. During this time, defendant admitted to the victim that he had killed his ex-wife and stabbed another woman in the City of Cortland, Cortland County. Defendant also told the victim that he did not think he could let her go or the authorities would learn the direction he was heading and that she was his "insurance".

At approximately 1:00 P.M., Village of Endicott Police Officer Michael Hilla spotted the victim's vehicle, gave chase and eventually stopped it. Taking up a defensive position from behind the open door of his patrol car with his gun drawn, Hilla ordered defendant to open his car door, move to the rear of the car and lie down on the ground with his hands out. As defendant complied he stated, "Don't shoot me. Don't shoot me." Hilla told defendant to do what he said and he would not

get hurt. Defendant then stated, "You're right. You've got me. I kidnapped her."

Following his arrest, defendant gave oral and written statements to Senior Investigator David McElligott of the State Police and Sergeant Fred Whitsett of the Cortland Police Department, admitting to the stabbing of his ex-wife, the abduction and rape of another woman and the abduction of the victim. At arraignment, defendant was served with the People's notice of intent to use his oral and written statements pursuant to CPL 710.30 (1). He was subsequently indicted for the crime of kidnapping in the second degree (*see,* Penal Law § 135.20).

County Court conducted a *Huntley* hearing which encompassed defendant's oral and written statements given to McElligott and Whitsett, as well as the statements uttered to Hilla at the time of defendant's apprehension. County Court found the oral statements admissible but suppressed defendant's written confession as violative of his right to counsel, finding that it did not conclude before an attorney appearing on defendant's behalf intervened to request that the police not interrogate him. Following a jury trial, defendant was found guilty as charged. He was sentenced to an indeterminate term of imprisonment of 25 years to life. Defendant appeals.

Defendant first contends that the People's CPL 710.30 notice was insufficient to give notice of the People's intent to use the oral statements made to Hilla, McElligott and Whitsett. Initially, we note that defendant never moved to preclude pursuant to CPL 710.30 or otherwise raised these issues before County Court; therefore, these arguments are unpreserved (*see, People v Guerrero,* 69 NY2d 628, 630, *revg on dissenting opn below* 111 AD2d 350, 355-356). In any event, reversal is not warranted in the interest of justice inasmuch as defendant's arguments lack merit. Examining the notice first from the standpoint of its sufficiency with respect to defendant's prearrest oral statement, we observe that it summarizes the substance of defendant's statement as follows: "Don't shoot, you got me, I kidnapped her." A CPL 710.30 notice need not recite a defendant's alleged statement verbatim (*see, People v Ludolph,* 63 AD2d 77, 80; *see also, People v Reed,* 197 AD2d 844, *affd* 84 NY2d 945) and here, the notice provided defendant with a nearly exact recitation of defendant's statement as recounted by Hilla at trial. There can be no doubt that defendant was provided with the substance of the statement and an opportunity to obtain a pretrial ruling on its admissibility. Therefore, the notice satisfied the mandates of CPL 710.30 (*see, People v O'Doherty,* 70 NY2d 479, 488).

As far as the People's intent to use defendant's postarrest oral statements to McElligott and Whitsett, we find that defendant's actions in moving unsuccessfully to suppress these statements (*see, People v Scott*, 204 AD2d 995, *lv denied* 84 NY2d 939; *People v Mullins*, 179 AD2d 48, *lv denied* 80 NY2d 835) and participating in the *Huntley* hearing (*see, People v Bernier*, 73 NY2d 1006, 1008) effected a waiver of the preclusion protection of CPL 710.30 (3). Thus, he was afforded the same opportunity for a court to pass on the admissibility of the statements as he would have had if proper notice had been given (*see, People v Amparo*, 73 NY2d 728, 729). Despite defendant's waiver, we find the notice sufficient. The notice recited that it also applied to "(1) all preliminary oral statements made by defendant prior to the statements listed herein, and (2) any oral statements made in relation to the statements herein even though not strictly a part hereof". Attached to the notice was defendant's written statement which contained the sum and substance of defendant's oral statements along with the persons to whom they were given. Viewed together, these documents satisfied the notice requirements of CPL 710.30 (1) (*cf., People v Lopez*, 84 NY2d 425, 427-428).

Defendant also urges suppression of these statements on the ground that various law enforcement authorities conspired to interfere with his access to the Cortland County Public Defender until after the police had finished questioning him. It is well settled that once the police have been informed that a lawyer has undertaken to represent a defendant on the same or related charges, the person held in connection with those charges may not validly waive the assistance of counsel except in the presence of counsel (*see, People v Donson*, 147 AD2d 815, 816, *lv denied* 73 NY2d 1014; *see also, People v Garofolo*, 46 NY2d 592, 599). Based upon our review of the *Huntley* hearing, the record supports County Court's findings that the Public Defender's telephone appearance on defendant's behalf occurred at approximately 3:30 P.M. on March 13, 1992, after completion of the oral interview with defendant at 3:15 P.M. or 3:20 P.M., but before the completion of the written statement at 3:47 P.M. Because counsel appeared after defendant made his oral statements to the police, the statements were not subject to suppression (*see,* CPL 60.45 [2] [b] [ii]; *see also, People v Donson, supra*).

Addressing defendant's contention that County Court erred by refusing to charge unlawful imprisonment in the first degree (*see,* Penal Law § 135.10) as a lesser included offense of the crime of kidnapping in the second degree, we find that defen-

dant failed to satisfy the second prong of the two-pronged test enunciated in *People v Glover* (57 NY2d 61, 63; *see, People v Heide*, 84 NY2d 943), i.e., that a reasonable view of the evidence supports defendant's claim that he committed the lesser but not the greater offense. A person is guilty of kidnapping in the second degree "when he [or she] abducts another person" (Penal Law § 135.20). To abduct means "to restrain a person with intent to prevent his [or her] liberation by either (a) secreting or holding him [or her] in a place where he [or she] is not likely to be found, or (b) using or threatening to use deadly physical force" (Penal Law § 135.00 [2]). " 'Deadly physical force' " is defined as "physical force which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [11]).

The victim's testimony was unequivocal and uncontroverted that defendant accomplished his restraint of her through the threatened use of a knife. Even though defendant never displayed the knife, his threat to use the weapon accompanied by his statements that he had already used it once that day to stab another woman when she refused to let him have her car and that he killed his ex-wife was sufficient evidence of "threatening to use deadly physical force" (Penal Law § 135.00 [2]; *see, People v Dodt*, 61 NY2d 408, 414-415). Defendant's act of holding her in a place where she was not likely to be found, i.e., a moving car traveling through desolate, rural areas of Tioga, Tompkins and Broome Counties, together with his statements that he could not let her go and that she was his "insurance", amply demonstrated defendant's intent to prevent the victim's liberation. Given these circumstances, the victim's restraint can only be reasonably viewed as an abduction (*see, e.g., People v Balcom*, 171 AD2d 1028, *lv denied* 78 NY2d 920; *People v Salimi*, 159 AD2d 658, 658-659, *lv denied* 76 NY2d 742; *People v Valero*, 134 AD2d 635, 636, *lv denied* 70 NY2d 1011). County Court properly refused the requested charge.

We find no merit in defendant's claim that the knife found between the driver's seat and the door of the victim's commandeered vehicle was improperly admitted into evidence. The testimony of the police witnesses "provide[d] reasonable assurance of the unchanged condition and identity" (*People v White*, 211 AD2d 982, 986, *lv denied* 85 NY2d 944) of the knife and established a sufficient chain of custody.

Defendant's remaining arguments have been considered and rejected as unpreserved for appellate review or lacking in merit.

White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered, that the judgment is affirmed.