■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER SHAW, Appellant. [644 NYS2d 208]

Defendant's claim that he was denied a fair trial by the admission of testimony and prosecutorial comment that during the robbery he attempted to shoot two persons in addition to the person identified in the attempted murder count is unpreserved for appellate review as a matter of law (*People v Campisi*, 213 AD2d 186), and we decline to review it in the interest of justice. In any event, if we were to review it, we would find that the testimony was admissible as a part of the " 'narrative of the episode' " that was " ' "inextricably interwoven" ' " with the facts of the crimes charged" (*supra,* at 186), and that the prosecutor's comment thereon was proper. Defendant's other claim that the prosecutor impermissibly offered a speculative excuse for the People's failure to adduce evidence connecting defendant to the crimes charged is also unpreserved and we decline to review it in the interest of justice. If we were to review it, we would find that the comment to which defendant now objects—that in the half-hour interval between the robbery and the appearance of defendant and his accomplice at a nearby hospital for a gunshot wound to defendant, they could have secreted the guns used and money stolen during the robbery—was inferable from the evidence and proper response to the defense summation commenting on the absence of such evidence as basis for reasonable doubt (*see, People v Ashwal*, 39 NY2d 105, 110).

We have reviewed the claims raised by the defendant-appellant in his supplemental *pro se* brief and find them to be without merit. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Tom, JJ.