■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL HUGHES, Appellant. [655 NYS2d 29] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered November 4, 1994, convicting defendant, after a jury trial, of manslaughter in the first degree, criminal possession

of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 8$^1$/$_3$ to 25 years and 5 to 15 years to run consecutively to a term of 2$^1$/$_3$ to 7 years on the conviction for criminal possession of a weapon in the third degree, unanimously affirmed.

The court's *Batson* inquiry effectively followed the required three-step protocol and satisfied the substantive *Batson* principles (*People v Hameed*, 88 NY2d 232, *cert denied* — US —, 117 S Ct 704). Defendant's current challenge to the court's conduct of one portion of the *Batson* inquiry addresses a matter of "procedural formalism" (*People v Payne*, 88 NY2d 172, 184), causing no prejudice to defendant.

The officer's testimony that defendant pointed a gun in the officer's direction while in immediate flight from the scene of the shooting was admissible because it was part of the narrative of events and was inextricably interwoven with the facts of the crimes charged (*People v Gines*, 36 NY2d 932; *People v Campisi*, 213 AD2d 186, *lv denied* 86 NY2d 780). It was also relevant evidence on the second-degree weapon count as bearing on defendant's intent to use his gun unlawfully against another and undercut defendant's flawed justification defense. Defendant's claim that a limiting instruction should have been given is unpreserved (*see, People v Bibiloni*, 220 AD2d 306, *lv denied* 87 NY2d 898), and we decline to review it in the interest of justice because defendant expressly waived such instruction.

Defendant was properly sentenced to a consecutive term for his conviction of third-degree weapon possession, since this constituted a separate crime, committed through a separate act from the other crimes (*see, People v Almodovar*, 62 NY2d 126, 130; *People v Burgos*, 225 AD2d 416, *lv denied* 88 NY2d 876). Finally, we do not perceive an abuse of sentencing discretion. Concur—Ellerin, J. P., Wallach, Williams and Mazzarelli, JJ.