■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERROD BENNETT, JR., Appellant. [665 NYS2d 244] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [3]), attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [1]), criminal possession of a weapon in the second degree (Penal Law § 265.03) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). Defendant failed to preserve for our review his contentions that County Court erred in providing supplementary instructions in response to questions from the jury (*see*, CPL 470.05 [2]; *People v Guerrero-Rivera*, 236 AD2d 837, *lv denied* 89 NY2d 1093); that the evidence is insufficient to support his conviction of criminal possession of a weapon in the second degree (*see, People v Gray*, 86 NY2d 10, 19); and that the search warrant application was not supported by probable cause (*see, People v Jamison*, 219 AD2d 853, *lv denied* 87 NY2d 974, 88 NY2d 966). We decline to exercise our power to review

those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant contends that his statements to the police should have been suppressed because the statements and his waiver of the right to counsel were made in the absence of counsel. That contention lacks merit. Defendant failed to establish that he was represented by counsel at the time of his waiver and statements, i.e., that his attorney had "entered the proceedings" (*People v Steward,* 217 AD2d 919, *affd* 88 NY2d 496, *rearg denied* 88 NY2d 1018). "An attorney is deemed to have entered the proceedings once the police know or are apprised of the fact that the defendant is represented by counsel" (*People v Modeste,* 159 Misc 2d 250, 258; *see also, People v Arthur,* 22 NY2d 325, 329; *People v Kocik,* 63 AD2d 230, 242). There is no proof that the police or the District Attorney had been apprised that defendant was represented by counsel. Defendant contends for the first time on appeal that the statements should have been suppressed because he was unlawfully detained at the time the statements were given and that his statements were coerced. By failing to raise those contentions in his suppression motion, defendant failed to preserve them for our review (*see, People v Owusu,* 234 AD2d 893, *lv denied* 89 NY2d 1039; *People v Jamison, supra*). In any event, those contentions lack merit.

The court did not err in allowing the People to elicit proof of uncharged crimes on their direct case (*see, People v Carter,* 77 NY2d 95, 107, *cert denied* 499 US 967; *People v Wright,* 226 AD2d 407, *lv denied* 89 NY2d 932; *People v Mosely,* 187 AD2d 374) or in refusing defendant's request to submit the accomplice status of a prosecution witness to the jury as an issue of fact (*see, People v Parham,* 147 AD2d 944, 945, *lv denied* 73 NY2d 1019). Further, we reject the contention that the court improperly exercised its discretion in curtailing the cross-examination of a prosecution witness or in allowing the People to recall a witness.

There is no merit to the contention that defendant was denied his right to be present during a conference in the court's chambers concerning the scope of cross-examination of a prosecution witness. Because that proceeding involved a question of procedure, it "neither implicated defendant's peculiar factual knowledge nor otherwise presented the potential for his meaningful participation" (*People v Rodriguez,* 85 NY2d 586, 591; *see, People v Velasco,* 77 NY2d 469, 472). In any event, the matter was reargued in open court in defendant's presence, and defendant had the opportunity for meaningful participation in that argument (*see, People v Starks,* 216 AD2d 120, 121,

*affd* 88 NY2d 18, 29; *People v Lynch*, 216 AD2d 929, *lv denied* 87 NY2d 904).

The court properly denied defendant's motion to dismiss the indictment on the ground that perjured testimony impaired the integrity of the Grand Jury proceedings. Defendant failed to establish that the Grand Jury testimony of a prosecution witness was perjured or that the prosecutor knowingly elicited perjured testimony before the Grand Jury (*see, People v Mariani*, 203 AD2d 717, 719, *lv denied* 84 NY2d 869; *People v De-Freece*, 183 AD2d 842).

We reject the contention that defendant was deprived of a fair trial by prosecutorial misconduct on summation. Although we agree with defendant that the prosecutor improperly commented during summation on a matter outside the evidence (*see, People v Ashwal*, 39 NY2d 105, 109-110) and improperly denigrated the defense, those isolated comments were not so egregious as to deprive defendant of a fair trial (*cf., People v Mott*, 94 AD2d 415, 419).

Finally, the contention that defendant was denied effective assistance of counsel lacks merit (*see, People v Satterfield*, 66 NY2d 796, 798-799; *People v Baldi*, 54 NY2d 137, 146-147). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Wisner, Balio and Boehm, JJ.