■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FOSTER, Appellant. [722 NYS2d 387] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered February 25, 1998, convicting defendant, after a jury trial, of murder in the second degree and attempted murder in the second degree, and sentencing him to concurrent terms of 25 years to life and 25 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. On the contrary, the evidence, which featured numerous identifying witnesses who knew and recognized defendant, was overwhelming. Minor discrepancies in the witnesses' testimony, based on what they saw from their various vantage points, and issues regarding their credibility were properly placed before the jury and there is no basis upon which to disturb its determinations.

Evidence of the criminal actions of defendant's two companions during the incident was admissible to complete the narrative of the episode, and was inextricably interwoven with the facts of the crimes charged (*see*, *People v Campisi*, 213 AD2d 186, *lv denied* 86 NY2d 780). The court properly charged accomplice liability since there was sufficient evidence 'to support such a theory (*see*, *People v Rivera*, 84 NY2d 766, 769-770; *People v Valdez*, 170 AD2d 190, *lv denied* 77 NY2d 1001).

The investigating detective's brief and limited testimony that he obtained a description from eyewitnesses, without specifying the content of the description, and that defendant's name came up during the investigation, was admissible as explanatory background information and was not unduly prejudicial (*see*, *People v Brown*, 262 AD2d 570, 575, *affd* 95 NY2d 776; *People v Swift*, 213 AD2d 355, 356, *lv denied* 86 NY2d 784; *People v Velez*, 206 AD2d 258, 259, *lv denied* 84 NY2d 940).

Defendant received a meaningful opportunity to impeach the People's witnesses with respect to their criminal backgrounds (*see*, *People v Osborne*, 91 NY2d 827).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Williams, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.