■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YESHUA CAMACHO, Also Known as YESHUA MANUEL CAMACHO FIGUEROA, YESHUA MANUEL FIGUERO CAMACHO, and MANUEL CAMACHO, Appellant. [894 NYS2d 680]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered December 20, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), robbery in the first degree, and conspiracy in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [3]), defendant contends that the verdict is inconsistent insofar as the jury convicted him of murder in the second degree under subdivision (3) of Penal Law § 125.25 but acquitted him of the counts of intentional murder in the second degree (§ 125.25 [1]) and conspiracy in the second degree (§ 105.15). Defendant failed to raise that contention prior to the discharge of the jury and thus failed to preserve it for our review (see People v Alfaro, 66 NY2d 985 [1985]; People v Satloff, 56 NY2d 745 [1982], rearg denied 57 NY2d 674 [1982]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to the further contention of defendant, the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).

We reject the contention of defendant that his written and oral statements to the police were involuntary and that County

Court therefore erred in refusing to suppress them. "The voluntariness of a confession is to be determined by examining the totality of the circumstances surrounding the confession" (*People v Coggins*, 234 AD2d 469, 470 [1996]; *see People v Scott*, 212 AD2d 1047 [1995], *affd* 86 NY2d 864 [1995]). Here, defendant's statement was not rendered involuntary by reason of any alleged deception by the police. In general, mere deception by the police will not require suppression of a statement obtained therefrom unless "the deception was so fundamentally unfair as to deny due process" (*People v Tarsia*, 50 NY2d 1, 11 [1980]), or if the police made a " 'promise or threat . . . that could induce a false confession' " (*People v Tankleff*, 84 NY2d 992, 994 [1994]). "Even assuming, arguendo, that the police misled defendant, we conclude that such deception did not create a substantial risk that the defendant might falsely incriminate himself" (*People v Alexander*, 51 AD3d 1380, 1382 [2008], *lv denied* 11 NY3d 733 [2008] [internal quotation marks omitted]; *see People v Sanchez*, 286 AD2d 650 [2001], *lv denied* 97 NY2d 760 [2002]; *People v Jackson*, 143 AD2d 471, 473 [1988]).

We also reject defendant's contention that the court abused its discretion by admitting in evidence certain photographs of the murder victim (*see generally People v Pobliner*, 32 NY2d 356, 369-370 [1973], *rearg denied* 33 NY2d 657 [1973], *cert denied* 416 US 905 [1974]). Here, the photographs were relevant to show an intent to kill, to corroborate the medical examiner's testimony concerning the cause of death, and to corroborate the statements that defendant made to several witnesses concerning the commission of the crime (*see People v Jones*, 43 AD3d 1296, 1297-1298 [2007], *lv denied* 9 NY3d 991, 10 NY3d 812 [2007]; *People v Law*, 273 AD2d 897, 898 [2000], *lv denied* 95 NY2d 965 [2000]). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Peradotto, Lindley, Green and Gorski, JJ.