(December 12, 1968)

■ The People of the State of New York, Respondent, v. Willie James Robinson, Appellant.— Order entered December 29, 1967 unanimously reversed on the law and facts and judgment unanimously affirmed. Memorandum: Following the original argument of this appeal this court held the case, reserved decision and remitted the matter to County Court for appropriate findings as to the voluntariness of a confession from the trial record and from the evidence adduced on a new hearing if demanded by either party. (28 A D 2d 816.) Thereafter a hearing was held before the Erie County Court, at which a number of witnesses were called by the People and following which the court made a decision finding the confession to be involuntary as a matter of law and ordering

its suppression. From a review of the evidence it appears that all of the elements found by the trial court to constitute the totality of circumstances affecting the voluntariness of the confession were established by the testimony of the police officers at the *Huntley* hearing. However it does not appear that consideration of all the proof on the trial including the *voir dire* examination of witnesses before the Trial Judge and at the *Huntley* hearing warrants a finding of any reasonable doubt as to the voluntariness of the confession. The defendant's oral statement to the police acknowledging his participation was given less than seven hours after his detention, a period of time far less than that present in those cases where illegal and prolonged detention has been held to be decisive coercive conduct. The questioning of the defendant within that period for less than two hours when he was first brought in to police headquarters, then interrupted for three or four hours and therafter continued for 20 minutes or 30 minutes prior to his giving an oral acknowledgement of involvement in the crime falls far short of the kind of persistent and overbearing interrogation which has been held to be objectionable. While the defendant was not formally educated beyond the fifth grade his past experience in a Federal prison and as a result of a prior conviction on a Federal charge of theft by force and State convictions for petit larceny and unlawful entry would indicate he was not entirely unprepared to deal with his interrogation by the police. The loss of sleep occasioned by the period of questioning of the defendant beginning shortly after midnight cannot be considered particularly significant because of the limited questioning to which he was subjected and the long interruption between the periods of questioning. The deception practiced by the police officers in confronting the defendant with a false confession of another suspect and its threatened use against the defendant, while a practice certainly not approved by the court, could have done nothing more in overcoming defendant's resistance to giving a statement than to call upon him to evaluate the effectiveness of the alleged confession and to do a little soul searching of his own as to whether the alleged confessor might be in a position to implicate him and disposed to do so. The situation here is far different from *United States ex rel. Everett* v. *Murphy* (329 F. 2d 68) relied on by defendant, where the relator was induced to confess by the false representation of the police authorities that he was confronted with an assault charge when in fact the charge he faced was one of murder. In that case the court pointed out that the deception as to the victim's survival of the assault might be ignored if it stood alone and concluded that " a confession induced by police falsely promising assistance on a charge far less serious than the police knew would actually be brought is not to be considered a voluntary confession." Such a situation is readily distinguishable from the facts here. From an examination of the whole record we find no reasonable basis for reaching any conclusion other than that the evidence established defendant's confession to be voluntary. The limited questioning of two alleged accomplices of the defendant, both of whom when called as witnesses asserted their rights under the Fifth Amendment, was in sharp contrast to the extended questioning in *People* v. *Levy* (15 N Y 2d 159) and any prejudice to the defendant would not appear to be so serious as to require a reversal. (Cf. *People* v. *Pollock*, 21 N Y 2d 206.) We find that the verdict of guilty was fully justified by the evidence and that there were no errors on the trial warranting a reversal of the judgment of conviction. (Appeal from judgment of Erie County Court convicting defendant of murder, first degree. Resubmission following hearing holding statement involuntary.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.