■ In the Matter of EMILIO M., a Person Alleged to be a Juvenile Delinquent, Appellant.— Order of the Family Court of the State of New York, New York County, entered November 30, 1973, committing appellant to the Elmira Reception Center for a period not to exceed three years, reversed, on the law, without costs and without disbursements, and the case remitted to the Family Court for further proceedings. The inculpatory statement admitted following a *Huntley* hearing is suppressed. The appellant was found to have committed acts which, if done by an adult, would constitute the crimes of manslaughter in the first degree, assault in the third degree, and possession of a dangerous instrument. There were no mitigating circumstances. At the *Huntley* hearing, the appellant's first confession was suppressed, but his second confession, which took place after his mother's arrival at the police precinct, was found to be admissible. It is contended that the second confession is tainted by the prior inadmissible one. However, the New York rule is to the effect that this will not *ipso facto* render a subsequent statement inadmissible. (*People* v. *Tanner,* 30 N Y 2d 102; *People* v. *Stephen J. B.,* 23 N Y 2d 611; cf. *United States ex rel. Stephen J. B.* v. *Shelly,* 430 F. 2d 215.) Nonetheless, in order to render a confession admissible, there must be full compliance with section 724 of the Family Court Act. (*Matter of Aaron D.,* 30 A D 2d 183.) Section 724 (subd. [b], par. [ii]) of the Family Court Act requires that the questioning take place in "a facility designated by the appropriate appellate division of the supreme court as a suitable place for the questioning of children". In this case, the interrogation took place in the 34th Precinct not yet then designated as suitable. Further, it was later specifically found unsuitable by this court. Under the circumstances, the second confession must also be suppressed and the matter remanded for further proceedings. It should here be indicated that the confession has to do with the manslaughter charge and does not affect the other aspects involved. Concur — Kupferman, Murphy and Capozzoli, JJ.; Markewich, J. P., dissents in the following memorandum: I dissent, and would affirm the disposition made in Family Court. The suppression of appellant's confession by the majority is founded upon failure to comply fully with section 724 of the Family Court Act, citing as authority *Matter of Aaron D.* (30 A D 2d

183). Any failure to follow section 724 was, at most, highly technical; actually, at the time of appellant's apprehension, it could not be complied with at all because *no facility* constituting "a suitable place for the questioning of children" had yet been designated anywhere by this court. The thrust of *Aaron D.* seems, upon a fair reading, not to require compliance with every jot and tittle of a statute; it calls rather for a totality of surrounding factors amounting. to (p. 185) "proper care to assure the voluntariness of * * * incriminating statements." The factor. of place of questioning is just one of the items to be considered, of which the most important is apparently presence of a parent. (See *Matter of Nelson*, 58 Misc 2d 748; *Matter of William L.*, 29 A D 2d 182.) In the instant case, the mother was not only present but the confession was actually induced by her urging and not by anything the detective did or said. What has actually been done by the majority is to side-step true evaluation of the requirements of *Aaron D.*, by resort to "practicality." This is apparent in the somewhat cryptic final paragraph of the majority memorandum. Interpreted, what it actually means is: "While we cannot accomplish the curbing of this delinquent's violent proclivities by sustaining the confession required to hold him responsible for deliberately drowning another boy, we can bring about the. same result by sending him back to Family Court for trial on the assault committed upon a policeman with a cleaver." Better to have achieved the result directly by sustaining the confession and affirming the disposition.