Memorandum. While it does appear that there was not precise compliance with the provisions of section 724 of the Family Court Act, there was substantial compliance and the record discloses no prejudice or suggestion of significant prejudice to respondent.
 

 After the arrest of respondent and his two companions in connection with serious crimes of violence and their identification by one of their victims from his hospital bed, the arresting officers took respondent to the precinct station house where he was given preinterrogation warnings
 
 (Miranda v Arizona,
 
 384 US 436) and his mother was notified without undue delay. Prior to her arrival respondent was questioned by the police officers. After her arrival the warnings were read for a second time, to both respondent and his mother and permission was requested to question the boy again in his mother’s presence. Both mother and son consented and respondent made a further statement which was reduced to writing and signed by both of them.
 

 The hearing court suppressed testimony as to the boy’s oral statements made prior to his mother’s arrival at the station house but denied the motion to suppress his signed written statement.
 

 After a fact-finding hearing Family Court, in some reliance on respondent’s signed admissions, determined that respondent had committed acts which if done by an adult would constitute the crimes of manslaughter first degree, assault third degree, and possession of a dangerous instrument. After a dispositional hearing respondent was committed to the Elmira Reception Center for a period not to exceed three years. On appeal the Appellate Division, one Justice dissenting, reversed the order of disposition and remitted the case to Family Court for further proceedings. The Appellate Division concluded that, while respondent’s written statement was not tainted by the questioning which occurred before his mother’s arrived at the station house, there was such failure to comply with the requirements of section 724 as to have called for suppression of the boy’s written statement. The issue of taint,
 
 *176
 
 of course, as at least a mixed question of fact is beyond review in our court. We accept the determination as to the absence of taint; we disagree that the written statement should have been suppressed for failure to comply with section 724.
 

 Three assertions of noncompliance are advanced: (1) that failure to call the boy’s mother until arrival at the station house was a violation of the statutory mandate that "the peace officer shall immediately notify the parent” (§ 724, subd [a]); (2) that because of failure on the part of the Appellate Division to do so, the station house to which respondent was taken was not "a facility designated by the appropriate appellate division of the supreme court as a suitable place for the questioning of children” (§ 724, subd [b], par [ii]); and (3) that there was a failure to take respondent directly to Family Court as required by section 724 (subd [b], par [ii]).
 

 We conclude that these irregularities, taken either singly or in combination, did not constitute such noncompliance as to require suppression of respondent’s signed statement. As to the first, while it is true that no call was put through to respondent’s mother until arrival at the station house, the call was made without undue delay and there was reasonable justification for such delay as did occur. In these circumstances we find that there was compliance with this statutory mandate.
 

 As to the second assertion (the basis for the reversal at the Appellate Division) we note that at the time of respondent’s arrest the Appellate Division had not yet designated any facility in the. First Judicial Department suitable for the questioning of children. As a consequence, at that time, precise compliance was not possible. Finally, the statutory mandate that the child be taken to Family Court is made subject to the express exception, "unless the peace officer determines that it is necessary to question the child”, an exception evidently applicable in this case.
 

 With respect to respondent’s later written statement, rather than intentional flouting of the statute there appears to have been conscientious observance, to the extent then possible, of respondent’s statutory and due process rights, the terms of the statute were substantially complied with, and there is no evidence in this record of prejudice or suggestion of significant prejudice to respondent. Accordingly we conclude that Family Court did not err in denying respondent’s motion to suppress his signed statement. We find no violation of the statute nor
 
 *177
 
 infringement of the full constitutional rights to which a juvenile is entitled
 
 (In re Gault,
 
 387 US 1, and related cases).
 

 Additionally, since there is no evidence of willful or negligent disregard of the statutory requirements in this case and no evidence of inattention to such requirements as a pattern or practice, no sufficiently useful prophylactic purpose would be served in penalizing the police for failure to conform to the terms of the statute taken literally.
 

 We think respondent’s other contentions are without merit.
 

 The order of the Appellate Division accordingly should be reversed and the certified question answered in the negative.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order reversed, without costs, matter remitted to the Appellate Division, First Department, for review of the facts (CPLR 5613), and the question certified answered in the negative in a memorandum.