■   In the Matter of GEORGE T. NICHOLSON, an Attorney.—Respondent reinstated as an attorney and counselor at law of the State of New York. Concur—Stevens, P. J., Markewich, Lupiano, Tilzer and Capozzoli, JJ.

■   In the Matter of FRANK J. DIDERO (Admitted as FRANK JOHN DIDERO), an Attorney.—Respondent reinstated as an attorney and counselor at law of the State of New York. Concur—Markewich, J. P., Tilzer, Lane and Nunez, JJ.

## (October 16, 1975)

■   In the Matter of EMILIO M., a Person Alleged to be a Juvenile Delinquent, Appellant. CITY OF NEW YORK, Respondent.—The Court of Appeals in its memorandum decision of June 24, 1975 [37 NY2d 173], reversed the order of this court entered May 7, 1974, which suppressed an inculpatory statement and remitted the case to the Family Court for further proceedings, and remanded the matter to this court "for review of the facts". Inasmuch as section 724 of the Family Court Act was substantially complied with, and the record discloses no prejudice to the respondent, the order of the Family Court of the State of New York, New York County, entered November 30, 1973, committing appellant to the Elmira Reception Center for a period not to exceed three years, is unanimously affirmed, without costs and without disbursements. Concur—Markewich, J. P., Kupferman, Murphy and Capozzoli, JJ.

■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD FARRELL, Appellant.—Judgment, Supreme Court, Bronx County, rendered June 4, 1974, convicting defendant, upon a jury verdict, of two counts of robbery in the first degree and possession of a weapon as a misdemeanor, unanimously modified, on the law, to the extent of reversing the conviction on the weapon count and dismissing that count of the indictment and, as so modified, the judgment is affirmed. Scrutiny of the record warrants concluding that the count of possession of a weapon as a misdemeanor was a lesser included concurrent count to robbery in the first degree. The remaining contentions advanced by defendant have been examined and found to be without merit. Concur—Kupferman, J. P., Lupiano, Tilzer, Capozzoli and Lane, JJ.