■ In the Matter of Luis N., a Person Alleged to be a Juvenile Delinquent, Respondent. CORPORATION COUNSEL, Appellant.—Motion to amend the memorandum decision of this court filed on May 16, 1985 (111 AD2d 81) granted insofar as to recall and vacate the memorandum decision filed herein on May 16, 1985 and to substitute therefor a new memorandum decision as follows:

Order of the Family Court, New York County (Sara P. Schechter, J.), entered February 28, 1984, which, after a hearing, granted respondent's motion to suppress the written statement given by him to the police, reversed, on the law, and the matter remanded for hearing to determine whether the police, in questioning respondent, complied substantially with Family Court Act § 305.2, all without costs.

Respondent, a juvenile, is alleged to have committed acts

which, if committed by an adult, would constitute the crimes of burglary in the second and third degrees and grand larceny in the third degree. Approximately one week after the commission of the crime, two detectives appeared at his home, informed him and his mother that they were investigating the crimes and that they desired to speak to him about them. When respondent indicated that he was willing to speak to them, they requested that he and his mother accompany them to the precinct. Respondent, his mother and the detectives then proceeded to the 10th Precinct. The detectives inquired as to the room or rooms designated by this court as appropriate for the questioning of juveniles (Rules of App Div, 1st Dept, 22 NYCRR 636.6).* They were informed that it was located on the third floor. The four then proceeded to the third floor, where the questioning took place and the written statement was made.

In fact, rule 636.6 of this court then provided that rooms 203 and 205 at the 10th Precinct were the designated facility for the questioning of juveniles. Based solely upon the failure to question respondent in a room designated as appropriate for that purpose, the Family Court suppressed the respondent's statement. This we think was error.

In *Matter of Emilio M.* (44 AD2d 791), we adopted a per se rule and held that failure to follow the statute, then Family Court Act § 724, by questioning the accused in a room other than a "designated facility" mandated suppression of the inculpatory statement. However, we were reversed by the Court of Appeals (37 NY2d 173, 177), which noted that: "since there is no evidence of willful or negligent disregard of the statutory requirements * * * and no evidence of inattention to such requirements as a pattern or practice, no sufficiently useful prophylactic purpose would be served in penalizing the police for failure to conform to the terms of the statute taken literally".

While *Emilio M. (supra)* has one distinguishing feature—this court had not yet designated appropriate facilities—the statute could still have been complied with literally by taking the accused to the Family Court. Here, to an even greater extent than in *Emilio M.,* there was an endeavor to comply with the statute. The officers, to whom the 10th Precinct was not a home base, sought to comply with the law by asking the desk lieutenant for the designated facility. They were directed

---

* The power to designate such facilities has since been transferred to the State Court Administrator (Family Ct Act § 305.2 [4] [b]).

to the third floor—the youth room—and they followed directions.

There remains, however, the issue of whether the room in which the interrogation took place was substantially similar to those designated as appropriate facilities. To that end inquiry is proper to ascertain whether the room contained detention facilities or was otherwise so overpowering in appearance as to make respondent's statement less than voluntary. We remand for that purpose. Concur—Kupferman, J. P., Ross, Bloom, Kassal and Rosenberger, JJ.