■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LUIS PADILLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Scholnick, J.), rendered March 25, 1982, convicting him of murder in the second degree, burglary in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

We find that the defendant's arrest violated "[n]either the letter nor the spirit of the *Payton [Payton v New York,* 445 US 573] rule" *(People v Minley,* 68 NY2d 952, 953).

Further, the People did establish beyond a reasonable doubt that the defendant's statements were voluntary. That the police failed to scrupulously honor the defendant's right to remain silent was not raised at the hearing and therefore the issue is not preserved for our review as a matter of law *(see, People v Mandrachio,* 55 NY2d 906, *cert denied* 457 US 1122). In any event, the defendant's statements do not warrant a finding that he invoked his right to remain silent with respect to police questioning *(cf., People v Wander,* 47 NY2d 724; *People v Pugh,* 70 AD2d 664). The record further indicates that the then 16-year-old defendant was read his *Miranda* rights, which he indicated that he understood; during his 12-hour detention (2:30 P.M. to 2:30 A.M.) before his first inculpatory statement, he was questioned for at most 2½ hours, and the questioning was not continuous; he was permitted to sleep for four hours; he did not request any food (missing only one normal mealtime) and he was given water upon his request. The defendant's contention that he was hungry and frightened is not supported by the credible evidence. Moreover, he was not subjected to "the kind of persistent and overbearing interrogation which has been held to be objectionable" *(People v Robinson,* 31 AD2d 724, 725; *cf., People v Leonard,* 59 AD2d 1). There was no credible evidence that the defendant was intentionally isolated from his family and friends. Finally, with regard to any alleged police trickery, we agree with the hearing court that the police officers' conduct was not " 'so fundamentally unfair as to deny [the defendant] due process' " nor was there a showing " 'that * * * promise[s] or threat[s were] made that could induce a false confession' " *People v Zehner,* 112 AD2d 465, 466, *lv denied* 66 NY2d 619, quoting from *People v Tarsia,* 50 NY2d 1, 11; *see, People v Robinson,* 31 AD2d 724, *supra).* Thus, we find no basis to disturb the hearing court's determination that suppression of the defendant's statements was not warranted. Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.