■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

HARDAT PERSAUD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered June 6, 1988, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal facilitation in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the conviction of criminal possession of a weapon in the second degree from 7½ to 15 years' imprisonment to 5 to 15 years' imprisonment; as so modified, the judgment is affirmed.

This case arose from an incident occurring on September 13, 1987, in which the defendant Hardat Persaud assisted an individual known as "Sarge" in committing the shooting homicide of Ivan Singh. "Sarge" fled from the scene of the crime and was not apprehended.

"Viewing the evidence in a light most favorable to the prosecution, and giving it the benefit of every reasonable inference to be drawn therefrom", we find that the circumstantial evidence adduced at trial was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (People v Giuliano, 65 NY2d 766, 767-768). The facts from which the inference of the defendant's guilt is drawn are inconsistent with his innocence and exclude to a moral certainty every other reasonable hypothesis but guilt (see, People v Giuliano, supra, at 767).

The defendant challenges the testimony given at trial by the People's witnesses. However, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The court properly refused to suppress a statement made by the defendant. The defendant's claim that the police failed to scrupulously honor his right to remain silent was not raised at the hearing and therefore the issue is not preserved for

appellate review *(see, People v Mandrachio,* 55 NY2d 906, *cert denied* 457 US 1122; *People v Padilla,* 133 AD2d 353, 354). In any event, the testimony adduced at the hearing does not establish that the defendant invoked his right to remain silent with respect to police questioning *(see, People v Padilla, supra,* at 354).

As admitted by the People, and we agree, the sentence imposed by the court with respect to the defendant's conviction of criminal possession of a weapon in the second degree was illegal in that it was greater than the statutory maximum *(see,* Penal Law § 70.02 [1] [b]; [3] [b]; § 265.03). We further note that this matter need not be remitted for resentencing inasmuch as the court evidently intended to sentence the defendant to the maximum possible term with respect to this count *(see, People v Azzara,* 138 AD2d 495). The sentences imposed on the remaining counts were not excessive.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Lawrence and O'Brien, JJ., concur.