■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY SINGH, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Westchester County (Colabella, J.), imposed January 17, 1986, upon his conviction of manslaughter in the first degree and robbery in the first degree, upon his plea of guilty, the sentence being concurrent indeterminate terms of 8⅓ to 25 years imprisonment for manslaughter in the first degree and 12½ to 25 years imprisonment for robbery in the first degree.

Ordered that the sentence is modified, on the law, by reducing the minimum term of imprisonment for robbery in the first degree from 12½ years to 8⅓ years; as so modified, the sentence is affirmed.

As the People concede, the crime of robbery in the first degree *(see,* Penal Law § 160.15 [1]) is not an armed violent felony offense *(see,* CPL 1.20 [41]; Penal Law § 70.02 [4]; *People v Frawley,* 117 AD2d 613). The sentence of an indeterminate term of 12½ to 25 years imprisonment imposed by the County Court was, therefore, illegal, and must be modified. Since the intent of the court was to impose the maximum sentence available under the law, we may substitute the maximum legal sentence for this crime and need not direct a resentencing *(see, People v Persaud,* 166 AD2d 466). Mangano, P. J., Bracken, Kooper, Balletta and Ritter, JJ., concur.