■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BEAUFORD, Also Known as CHRIS MONEY, Appellant. [601 NYS2d 854] —Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Dutchess County (King, J.), imposed February 26, 1992, upon his conviction of assault in the second degree (two counts), criminal possession of a weapon in the second degree, (two counts), reckless endangerment in the first degree, and criminal possession of a weapon in the third degree, upon his plea of guilty, the sentence being concurrent indeterminate terms of 2½ to 7½ years imprisonment on each count.

Ordered that the sentence is modified, on the law, by reducing the terms of imprisonment imposed on the convictions of criminal possession of a weapon in the third degree, assault in the second degree (two counts) and reckless endangerment in the first degree from 2½ to 7½ years imprisonment to 2⅓ to 7 years imprisonment; as so modified, the sentence is affirmed.

The defendant argues, and the People concede, that the concurrent indeterminate terms of 2½ to 7½ years imprisonment imposed upon the defendant's convictions of assault in the second degree (two counts), criminal possession of a weapon in the third degree, and reckless endangerment in the first degree exceed the legally permissibly maximum of 2⅓ to 7 years *(see,* Penal Law § 70.02 [2] [b]; § 70.00 [2] [d]; [3] [b]). Although the foregoing terms of imprisonment are illegal, the maximum authorized terms are clearly appropriate under the circumstances and we have reduced the terms accordingly *(see, People v Singh,* 175 AD2d 888; *People v Persaud,* 166 AD2d 466).

The sentence imposed in connection with the two remaining counts of criminal possession of a weapon in the second degree is not excessive *(see, People v Kazepis,* 101 AD2d 816; *see also, People v Persaud, supra).* Mangano, P. J., Thompson, Miller, O'Brien and Ritter, JJ., concur.