■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD MARSHALL, Appellant. [664 NYS2d 456] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered June 27, 1994, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly determined that the defendant did not unequivocally assert his right to counsel when, according to the testimony of his parents, he asked them in the presence of various police officers to "get Peter," who the parents identified at the *Huntley* hearing as the family lawyer (*see, e.g., People v Fridman,* 71 NY2d 845; *People v Negron,* 173 AD2d 571). In addition, a detective denied that the defendant's parents announced that they were obtaining an attorney for their son and/or that the defendant did not wish to speak with police. Moreover, the record supports the hearing court's determination that the defendant had been advised of his *Miranda* rights on three separate occasions, that he understood them, and that he voluntarily waived them without at any point asserting his right to counsel.

There is similarly no merit to the defendant's related contention that his statements to the police were rendered involuntary by the totality of the circumstances. There is no evidence that the defendant was verbally or physically threatened or abused while in custody, that he was deprived of sleep, food, or drink, or that he was subjected to persistent and overbearing interrogation (*see, e.g., People v Padilla,* 133 AD2d 353, 354;

*People v Croney,* 121 AD2d 558, 559; *People v Robinson,* 31 AD2d 724; *cf., People v Anderson,* 42 NY2d 35; *People v Leonard,* 59 AD2d 1). In fact, the defendant admitted during his videotaped statement that he had no complaints regarding his treatment by law enforcement officials. Additionally, contrary to the defendant's claim, the promise of an interviewing detective that the District Attorney would be told of any information he provided did not constitute "police trickery" designed to deprive him of due process or induce him to make a false confession (*see, e.g., People v Hill,* 138 AD2d 629; *People v Henry,* 132 AD2d 673, 675; *People v Zehner,* 112 AD2d 465, 466; *see also, People v Robinson, supra*). Finally, although the police had no obligation to permit the family members of the 18-year-old defendant, a competent adult, to communicate with him (*see, People v Salaam,* 83 NY2d 51, 56; *People v Casiano,* 123 AD2d 712, 713), the officers telephoned his grandmother to report his arrest, and allowed his parents to visit him while he was in custody. There is therefore no merit to his allegation that the police took advantage of his youth and isolated him from his family in order to coerce a confession.

Although the defendant was in police custody for more than 20 hours before he was arraigned, the delay appears to have been justified by the expansion of the authorities' investigation into the defendant's possible involvement in a number of unrelated crimes. For example, the stolen car that he had been arrested for driving was found to be linked to several recent robberies, and his codefendant's evolving confession implicated the defendant in the instant felony murder (*see, e.g., People v Hopkins,* 58 NY2d 1079, 1081; *People v Beckham,* 174 AD2d 748, 749; *People v Quartieri,* 171 AD2d 889; *People v Burkett,* 157 AD2d 792).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Friedmann, Florio and McGinity, JJ., concur.