■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KNOWLEDGE DOWTIN, Appellant. [664 NYS2d 363] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered September 12, 1995, convicting him of assault in the first degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was insufficient to establish his identity as the shooter is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the shooter beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Furthermore, there is no merit to the defendant's contention that his statements were involuntary. It is undisputed that the defendant was not threatened, abused, or otherwise mistreated by the police (*see, People v Croney,* 121 AD2d 558, 559). There

is no evidence that the defendant requested an attorney at any time, that he was deprived of food or drink, or that he was subjected to persistent and overbearing interrogation or deception so fundamentally unfair as to deny due process (*see, People v Padilla,* 133 AD2d 353, 354). Additionally, the hearing court found that the defendant had twice been advised of his *Miranda* rights and had voluntarily waived them prior to making both his oral and videotaped statements (*see, People v Padilla, supra; People v Croney, supra*).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Ritter, McGinity and Luciano, JJ., concur.