■ In the Matter of MARK A., a Person Alleged to be a Juvenile Delinquent, Respondent. [673 NYS2d 177] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the presentment agency appeals from an order of the Family Court, Kings County (Schechter, J.), dated February 25, 1997, which dismissed the petition. The appeal brings up for review the granting, after a hearing, of the respondent's motion to suppress statements made by him to law enforcement officials.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the motion to suppress is denied, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

The respondent was arrested for discharging a firearm in a public street. He was taken to the police station, where, prior to being read his *Miranda* rights, he made an inculpatory statement. The Family Court suppressed the statement on the ground that the respondent's father was denied access to him. On appeal the petitioner contends that the evidence adduced at the hearing established that the statement was made prior to the time the father was allegedly denied access, the father was not in fact denied access to the respondent, and the statement was spontaneous and not the result of a custodial interrogation. We agree.

The petitioner's contention that the hearing court erred in entertaining the respondent's oral suppression motion is without merit, because, by failing to object to the hearing, the petitioner waived its right to a written motion (see, People v Mezon, 80 NY2d 155).

Although a statement will be suppressed when the police intentionally deprive a parent access to a child for the purpose of obtaining an incriminating statement (see, People v Bevilacqua, 45 NY2d 508, 511; People v Townsend, 33 NY2d 37, 41), the evidence here established that the respondent's statement was made before the alleged denial of access, and thus it was not the consequence of any alleged improper police conduct. In

any event, the credible evidence adduced at the suppression hearing supports the determination that the respondent's father was not denied access to him.

Finally, the evidence established that the respondent's statement, made before he was given *Miranda* warnings, was not the result of an interrogation, but was, instead, spontaneous (*see, Rhode Is. v Innis*, 446 US 291; *People v Huffman*, 61 NY2d 795). Accordingly, suppression is not warranted. Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.