THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESHON ELLIS, Appellant. [774 NYS2d 741]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered March 1, 1999, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's statements were voluntarily made and were not the product of coercion or duress (*see People v Hunter,* 265 AD2d 503 [1999]; *People v Dowtin,* 244 AD2d 567 [1997]; *People v Padilla,* 133 AD2d 353, 354 [1987]). The fact that part of the defendant's interrogation occurred in a room other than the juvenile interview room (*see* Family Ct Act § 305.2 [4] [b]) does not warrant the suppression of the defendant's statements, since there was no evidence of "willful or negligent disregard of the statutory requirements [or] evidence of inattention to such

requirements as a pattern or practice" (*Matter of Emilio M.,* 37 NY2d 173, 177 [1975]). Rather, the evidence adduced at the hearing established that another room was chosen on the ground that the juvenile interview room had been sealed off for fumigation to correct lice infestation. The hearing court determined that the interview room which was used was bright, office-like, not oppressive, and did not affect the voluntariness of the defendant's statement (*see Matter of Luis N.,* 112 AD2d 86, 88 [1985]).

Similarly unavailing is the defendant's claim that the alleged improper remarks made by the prosecutor during summation require reversal. The defendant made only one general objection during the prosecutor's entire summation (*see People v Hilliard,* 279 AD2d 590 [2001]) to a statement which, in any event, constituted fair comment on the evidence.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review. Ritter, J.P., Goldstein, Crane and Rivera, JJ., concur.