In the Matter of RAFAEL S., a Person Alleged to be a Juvenile Delinquent, Appellant. [791 NYS2d 115]—

Order of disposition, Family Court, Bronx County (Harold J. Lynch, J.), entered on or about January 9, 2004, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he had committed an act which, if committed by an adult, would constitute the crime of attempted sodomy in the first degree, and placed him in a limited secure facility for a period of 18 months, unanimously affirmed, without costs. Appeal from order on fact-finding hearing, same court and Judge, entered on or about November 14, 2003, unanimously dismissed, without costs, as subsumed within the appeal from the dispositional order.

The court's finding was not against the weight of the evidence. There is no basis for disturbing its credibility determinations, including the resolution of inconsistencies (*see People v Gaimari*, 176 NY 84, 94 [1903]). The victim's testimony, along with that of a detective who observed the incident while engaged in a surveillance operation, provided ample evidence of forcible compulsion.

The court properly denied suppression of appellant's statement to the police. The record supports the court's credibility determinations and establishes that appellant's statement was voluntary. There is no evidence that the police engaged in prolonged questioning or made any promises to appellant to induce the statement. The delay in commencing interrogation was satisfactorily explained, and the use of a nonthreatening,

office-like interview room instead of the temporarily unavailable and only juvenile room did not affect the voluntariness of the statement (*see People v Ellis*, 5 AD3d 694 [2004], *lv denied* 3 NY3d 639 [2004]; *Matter of Luis N.*, 112 AD2d 86 [1985]).

The court properly determined that detention in a limited secure facility, to run concurrently with a similar disposition for another previous delinquency adjudication, also involving an act of violence, was the least restrictive alternative that would promote appellant's needs and best interests while protecting the community (*see Matter of Katherine W.*, 62 NY2d 947 [1984]). Concur—Buckley, P.J., Marlow, Ellerin, Gonzalez and Sweeny, JJ.