In the Matter of MANUEL D., a Person Alleged to be a Juvenile Delinquent, Appellant. [796 NYS2d 345]—

Order of disposition, Family Court, New York County (Sheldon M. Rand, J.), entered on or about December 18, 2003, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed an act which, if committed by an adult, would constitute the crime of resisting arrest, and conditionally discharged him for a period of 12 months, unanimously reversed, on the law, without costs, the finding of juvenile delinquency and order of conditional discharge vacated, and the petition dismissed.

The uniformed police officer testified at the hearing that he received a radio communication concerning a burglary in progress involving four males in a residence at a certain location. The officer had no memory regarding any description of any of the suspects. Upon arrival at the scene, the officer noticed appellant and two other males in the vicinity of a parked car. The officer and his partner, also in uniform, walked over to the males whereupon his partner inquired "what's going on, guys." One of the individuals responded "nothing" at which point appellant fled, with the officer in pursuit. The chase lasted about two minutes and covered several blocks, ending with appellant's arrest. The officers never entered the building of the purported burglary, nor did they investigate the radio call further. The court found appellant guilty of resisting arrest.

The trial court erred in its finding, as the evidence was legally insufficient. The standard for appellate review of issues of legal sufficiency is "whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Williams*, 84 NY2d 925, 926 [1994]; *accord People v Hines,* 97 NY2d 56, 62 [2001]; *People v Bierenbaum,* 301 AD2d 119, 131 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]; *see also Jackson v Virginia,* 443 US 307, 319 [1979]; CPL 70.10 [1] [the definition of legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof"]). To establish the crime of resisting arrest, the presentment agency must prove that appellant intentionally prevented or attempted to prevent a police officer from effecting an *authorized* arrest (Penal Law § 205.30). In this case, there was no authorized arrest.

The officer had, at most, an objective credible reason to request information from the males given their location; he had no basis for chasing appellant. While a person's flight, in reac-

tion to an approach by police and when accompanied by other specific circumstances demonstrating that the suspect may be involved in a crime, may give rise to reasonable suspicion that criminal activity is at hand so as to warrant the lawful pursuit of that person (*see People v Woods*, 98 NY2d 627, 628 [2002]), such was not the case here. The police had no description of the perpetrators and no knowledge of exactly where in the premises the alleged burglary occurred. Moreover, they had no information regarding the reliability of the call initially made to the police about the possible burglary in progress. Furthermore, appellant had no burglary tools and was merely standing on the street when the police approached. "Flight alone, . . .or even in conjunction with equivocal circumstances that might justify a police request for information, is insufficient to justify pursuit because an individual has a right 'to be let alone' and refuse to respond to police inquiry" (*People v Holmes*, 81 NY2d 1056, 1058 [1993] [citations omitted]). Thus, as the pursuit was unjustified, there is no evidence that appellant was resisting an authorized arrest. Concur—Saxe, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.