■ In the Matter of BRANDON W., a Person Alleged to be a Juvenile Delinquent, Appellant. [814 NYS2d 675]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from a order of disposition of the Family Court, Kings County (Klein, J.), entered September 14, 2004, which, upon a fact-finding order of the same court, entered April 30, 2004, made after a fact-finding hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of sodomy in the first degree (twelve counts), and sexual abuse in the first degree (two counts), inter alia, adjudged him to be a juvenile delinquent, placed him on probation for a period of two years, and directed him to undergo a polygraph examination to address the issues underlying the findings of the court and the allegations of the petition as a condition of his probation. The appeal brings up for review the fact-finding order entered April 30, 2004.

Ordered that the order of disposition is modified, on the law and as a matter of discretion in the interest of justice, by (1) deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crimes of sodomy in the first degree (six counts) and sexual abuse in the first degree (two counts), and substituting therefor a provision dismissing the first, third, fourth, sixth, eighth, tenth, eleventh, and thirteenth counts of the petition, renumbered in the fact-finding order as the first, third, fifth, seventh, ninth, eleventh, thirteenth, and fourteenth counts and (2) deleting the provision thereof requiring the appellant, as a condition of probation, to submit to a polygraph examination; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant's contention that the evidence was legally insufficient to establish the six counts of sodomy in the first degree by forcible compulsion is unpreserved for appellate review (see CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). Nevertheless, in the exercise of our interest of justice jurisdiction, we vacate the findings that the appellant committed acts which, if committed by an adult, would have constituted six counts of the crimes of sodomy in the first degree by forcible compulsion. In this case, the presentment agency failed to adduce legally sufficient evidence that the appellant forcibly compelled the victim to perform or participate in the deviate sexual acts charged in the petition (see Penal Law § 130.50 [1]; § 130.00 [8]; *People v Thompson,* 72 NY2d 410, 415-417 [1988]). In addition, the findings that the appellant committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree must also be vacated, and counts three and ten of the petition, renumbered in the fact-finding order as counts thirteen and fourteen must be dismissed, since those counts are duplicitous of counts two and nine of the petition, renumbered as two and eight, respectively (see *People v Aarons,* 296 AD2d 508 [2002]; *People v Senisi,* 196 AD2d 376, 382 [1994]; cf. *People v Beauchamp,* 143 AD2d 13, 18-19 [1988]).

Upon the exercise of our factual review power, however, we are satisfied that the findings of fact for the remaining counts charging the appellant with committing acts which, if committed by an adult, would have constituted the crimes of sodomy in the first degree (Penal Law § 130.50 [3]), were not against the weight of the evidence (cf. CPL 470.15 [5]).

Contrary to the presentment agency's argument, the appel-

lant need not preserve his contention that the Family Court's direction that he undergo a polygraph examination as a condition of his probation was improper (*see People v Samms*, 95 NY2d 52, 56 [2000]; *People v Stanley*, 12 AD3d 467 [2004]). Since the presentment agency failed to establish that such a condition is reasonably related to rehabilitation (*see* Family Ct Act § 353.2 [2] [h]; Penal Law § 65.10 [2] [*l*]; [5]; *People v Letterlough*, 86 NY2d 259, 264-65 [1995]), the condition was improper.

The appellant's remaining contentions, including his challenge to the sufficiency of the evidence other than as addressed above, are without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.