■ In the Matter of ASHLEY M., a Person Alleged to be a Juvenile Delinquent, Appellant. [817 NYS2d 15]—

Order, Family Court, New York County (Mary E. Bednar, J.), entered March 22, 2005, adjudicating appellant a juvenile delinquent, upon a fact-finding determination that she had committed acts which, if committed by an adult, would constitute the crimes of robbery in the third degree, grand larceny in the fourth degree, attempted assault in the third degree, criminal possession of stolen property in the fifth degree, obstructing governmental administration in the second degree, and criminal mischief in the fourth degree, and imposing a conditional discharge, unanimously modified, on the law, to the extent of vacating the findings as to robbery in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree and dismissing those counts of the petition, and otherwise affirmed, without costs.

On November 8, 2004, Police Officer Angela Garofalo, her partner, and several school safety officers were assigned to

maintain crowd control over protesters who had gathered in front of the High School of Art & Design. Her duty was to ensure that the protest did not interfere with the dismissal of the students or otherwise impede pedestrian traffic outside of the school.

At approximately 3:15 P.M., the pedestrian traffic on the sidewalk outside of the school had increased to the point that some pedestrians were forced to walk in the street. Appellant and some companions were on the sidewalk ahead of Garofalo. In response to Garofalo's directions to keep moving along the sidewalk, appellant became involved in a verbal exchange with the officer, which escalated into a physical altercation. Although the testimony at the hearing was conflicting as to who began the physical altercation, at some point appellant grabbed Garofalo's badge and ripped it from her jacket, causing it to fly off into the crowd. A school safety officer named Pottinger, who was assisting Garofalo, also had her badge grabbed by appellant, and her jacket was ripped during the scuffle. However, that badge was not completely torn from the safety officer's jacket. Officer Garofalo received minor injuries during the altercation and was on sick leave for two weeks as a result.

Appellant claims that Officer Garofalo initiated the altercation and that she was merely acting in self-defense. She also argues that the presentment agency did not prove the charges against her beyond a reasonable doubt, nor did it disprove her defense of justification beyond a reasonable doubt. As a result, appellant maintains the Family Court findings were based on legally insufficient evidence and against the weight of the evidence and must be set aside.

When reviewing the sufficiency of the evidence underlying a juvenile delinquency adjudication, the applicable standard is whether, after viewing the evidence in a light most favorable to the presentment agency, the quantity and quality of the evidence is sufficient to show that the essential elements of the crimes charged have been proven beyond a reasonable doubt (*People v Malizia*, 62 NY2d 755, 757 [1984], *cert denied* 469 US 932 [1984]). Where a defendant raises the defense of justification, the prosecution must disprove that defense beyond a reasonable doubt (*see* Penal Law § 25.00 [1]; § 35.00).

Applying these principles to this case, we find that there was sufficient and credible evidence to sustain the charges that appellant committed the crimes of attempted assault in the third degree, obstructing governmental administration and criminal mischief. Appellant physically attacked a uniformed police officer while that officer was in the process of performing her of-

ficial duties. Crowd control is a legitimate governmental function exercised by the police department (*see Flynn v City of New York*, 258 AD2d 129 [1999]). Appellant's act of striking Garofalo, causing the melee that followed, interfered with her duties sufficiently to prove the charge of obstructing governmental administration (*see Matter of Thomas L.*, 4 AD3d 295 [2004]). Appellant's claim of justification is not supported by credible evidence in the record and was disproved beyond a reasonable doubt. Moreover, the record clearly demonstrated that appellant not only intentionally ripped Garofalo's jacket, but did the same to Pottinger, thus sustaining the criminal mischief allegations.

However, the same cannot be said for the allegations in the petition charging robbery in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree. While it is true that appellant intentionally ripped Officer Garofalo's shield from her jacket, and attempted to do the same for safety officer Pottinger, there was insufficient evidence to show her intent to dispose of property under such circumstances as to render it unlikely that the owner would recover it (Penal Law § 155.05 [1]; § 155.00 [3]; *see Matter of Shawn V.*, 4 AD3d 369, 370 [2004]). Absent legally sufficient evidence of appellant's larcenous intent, the fact-finding order must be vacated as to those counts.

The 12-month conditional discharge is an appropriate disposition and, given the facts and circumstances of this case, we see no reason to disturb it. Concur—Buckley, P.J., Andrias, Nardelli, Sweeny and McGuire, JJ.