■ In the Matter of LEON B., a Person Alleged to be a Juvenile Delinquent, Appellant. [821 NYS2d 564]—

Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about August 2, 2005, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he had committed acts which, if committed by an adult, would constitute the crimes of making graffiti, possession of graffiti instruments, criminal mischief in the fourth degree and defacement of property in violation of Administrative Code of the City of New York § 10-117 (a), and imposed a conditional discharge for a period of six months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence. Appellant argues that since there was no testimony from a representative of the property's owner, there was insufficient evidence that he lacked the owner's permission to deface the building in question. However, when viewed in the light of common human experience, the evidence supported the inference that

appellant had no such permission (*see People v Borrero*, 26 NY2d 430, 435-436 [1970]; *Matter of Kevin B.*, 128 AD2d 63, 70 [1987], *affd* 71 NY2d 835 [1988]; *People v Shurn*, 69 AD2d 64, 67 [1979]). We likewise reject defendant's similar challenge to the sufficiency of the petition (*see Matter of Wilson G.*, 214 AD2d 670 [1995], *lv denied* 87 NY2d 811 [1996]).

The court's summary denial of appellant's motion to suppress physical evidence was proper, since appellant failed to raise a factual dispute requiring a hearing (*see People v Mendoza*, 82 NY2d 415 [1993]). The petition and voluntary disclosure form specified that a police officer arrested appellant after the officer observed appellant defacing a building. Appellant's general and conclusory allegations did not address this basis for the arrest, and did not assert any other ground for suppression (*see People v Jones*, 95 NY2d 721 [2001]; *see also People v Lopez*, 5 NY3d 753 [2005]; *compare People v Hightower*, 85 NY2d 988 [1995]).

Appellant's arguments concerning suppression of his statement to the police are without merit. Concur—Mazzarelli, J.P., Andrias, Sullivan, Nardelli and McGuire, JJ.