■ In the Matter of SHIMON O., a Person Alleged to be a Juvenile Delinquent, Appellant. [825 NYS2d 243]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Kings County (Spodek, J.), dated September 15, 2005, which, after a hearing, found that the appellant had committed acts, which if committed by an adult, would have constituted the crimes of making graffiti, criminal mischief in the fourth degree, and possession of graffiti instruments, and (2) an order of disposition of the same court also dated September 15, 2005, which, upon the fact-finding order, adjudicated him a juvenile delinquent and conditionally discharged him for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated September 15, 2005; and it is further,

Ordered that the appeal from so much of the order of disposition as conditionally discharged the appellant for a period of 12 months is dismissed as academic, without costs or disbursements, as that period has expired (*see Matter of Shariff A.*, 28 AD3d 546 [2006]; *Matter of Jean C.*, 12 AD3d 440 [2003]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish that the appellant was the individual who committed the acts alleged in the petition. The fact that the police witness overestimated the appellant's height in his initial description of him does not render the witness's identification testimony incredible as a matter of law (*see Matter of Quanel M.*, 8 AD3d 387 [2004]; *Matter of Kashawn B.*, 4 AD3d 469 [2004]; *Matter of Tyrell A.*, 249 AD2d 467 [1998]; *People v Tucker*, 185 AD2d 908, 909 [1992]). The appellant's further contention that the evidence was legally insufficient to establish that he committed the acts alleged in the petition because the presentment agency failed to establish that he lacked the owner's permission to mark the grocery store with graffiti is unpreserved for appellate review

(*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *Matter of Brandon W.*, 28 AD3d 783 [2006]) and, in any event, without merit (*see Matter of Leon B.*, 32 AD3d 796 [2006]). Moreover, upon the exercise of our factual review power, we are satisfied that the Family Court's determination was not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The appellant's remaining contention is without merit. Florio, J.P., Krausman, Fisher and Covello, JJ., concur.