■ In the Matter of DONTA J., a Person Alleged to be a Juvenile Delinquent, Appellant. [826 NYS2d 693]—

In two related juvenile delinquency proceedings pursuant to

Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Richmond County (McElrath, J.), dated January 6, 2005, which found that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of obstructing governmental administration in the second degree and resisting arrest under docket No. D-3236-04, (2) a fact-finding order of the same court dated March 30, 2005, made upon the appellant's admission that he had committed an act which, if he were an adult, would constitute the crime of criminal mischief in the fourth degree under docket No. D-5311-04, and (3) two orders of disposition of the same court (one in each proceeding), both dated August 10, 2005, which adjudged the appellant to be a juvenile delinquent, and placed him with the Office of Children and Family Services for a period of up to 12 months. The appeals under docket No. D-5311-04 bring up for review the denial of the appellant's motion to suppress his statements to law enforcement officials.

Ordered that appeals from the fact-finding orders are dismissed as superseded by the respective orders of disposition; and it is further,

Ordered that the appeals from so much of the orders of disposition as placed the appellant with the Office of Child and Family Services for a period of 12 months are dismissed as academic since the period of placement has expired; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

The finding that the appellant interfered with the efforts of police officers to question a classmate in connection with alleged criminal behavior, inter alia, of making graffiti (*see Matter of Leon B.,* 32 AD3d 796 [2006]), and thereby committed acts constituting obstruction of governmental administration in the second degree, was not against the weight of the evidence (*see Matter of Davan L.,* 91 NY2d 88, 91 [1997]; *Matter of Carlos M.,* 32 AD3d 686 [2006]). Consequently, the finding that the appellant resisted arrest was not against the weight of the evidence either (*see Matter of Thomas L.,* 4 AD3d 295 [2004]; *cf. Matter of Manuel D.,* 19 AD3d 128, 129 [2005]).

The Family Court properly denied the appellant's motion to suppress his statements to law enforcement officials. Questioning of the appellant in relation to a separate incident was not improper despite the absence of his mother where the appellant, age 15 at the time, was in the presence of his older brother, with whom he resided (*see* Family Ct Act § 305.2 [3], [7], [8]; *Matter of Anthony L.,* 262 AD2d 51, 52 [1999]; *Matter of Mark A.,* 250 AD2d 765, 765-766 [1998]). Nor did the fact that the

questioning took place in a room other than the juvenile hall render the appellant's statements involuntary (*see* Family Ct Act § 305.2 [4] [b]; *Matter of Rafael S.,* 16 AD3d 246, 246-247 [2005]; *People v Ellis,* 5 AD3d 694, 694-695 [2004]; *cf. Matter of Luis N.,* 112 AD2d 86, 88 [1985]). Crane, J.P., Ritter, Lunn and Covello, JJ., concur.