■ In the Matter of MALCOLM G., a Person Alleged to be a Juvenile Delinquent, Appellant. [832 NYS2d 267]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated February 7, 2006, which, upon a fact-finding order of the same court dated December 15, 2005, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted gang assault in the first degree, attempted assault in the first degree, assault in the second degree, attempted assault in the second degree, assault in the third degree, menacing in the second degree, menacing in the third degree, and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated December 15, 2005.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The complainant's testimony at the *Rodriguez* hearing (*see People v Rodriguez*, 79 NY2d 445 [1992]), supports the hearing court's determination that the complainant, who observed the appellant almost every day at school for a period of approximately five months, was sufficiently familiar with the appellant that his show-up identification was merely confirmatory (*see Matter of Bruce C.*, 224 AD2d 685 [1996]; *cf. People v Rodriguez, supra; People v Garner*, 27 AD3d 764 [2006]; *People v Simmons*, 247 AD2d 494 [1998]). Accordingly, a *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) was unnecessary (*cf. People v Rodriguez, supra*).

The appellant's contentions challenging the legal sufficiency of the evidence are unpreserved for appellate review as he failed to raise them before the Family Court (*see* CPL 470.05 [2]; *Matter of Shimon O.*, 34 AD3d 817 [2006]; *Matter of Rahmel S.*, 4 AD3d 365 [2004]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of Frank C.*, 283 AD2d 643, 643-644 [2001]), we find that it was legally sufficient to support the determinations made in the fact-finding order (*see Matter of Kadeem W.*, 5 NY3d 864 [2005];

*Matter of Ashley M.*, 30 AD3d 178 [2006]; *People v Walker*, 30 AD3d 215 [2006]).

The appellant's remaining contentions are unpreserved for appellate review or without merit. Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.