In the Matter of Kadisha S., a Person Alleged to be a Juvenile Delinquent, Appellant. [852 NYS2d 232]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court,

Queens County (Hunt, J.), dated February 16, 2007, which, upon a fact-finding order of the same court dated January 23, 2007, made after a fact-finding hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of 15 months subject to certain conditions. The appeal brings up for review the fact-finding order dated January 23, 2007.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]; *Matter of Shatasia C.,* 35 AD3d 855 [2006]; *Matter of Shimon O.,* 34 AD3d 817, 817 [2006]), we find that it was sufficient to establish that the appellant participated as an accomplice in acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree (*see Matter of Louis C.,* 6 AD3d 430, 431 [2004]; *Matter of Joseph J.,* 205 AD2d 777, 778 [1994]; *Matter of Aida S.,* 189 AD2d 818, 819 [1993]). Furthermore, upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the findings of fact were not against the weight of the evidence. In this regard, the issue of the complainant's alleged intoxication was a matter to be considered by the fact-finder in assessing her credibility and did not render her testimony incredible as a matter of law (*cf. People v Baksh,* 43 AD3d 1072, 1073 [2007], *lv denied* 9 NY3d 989 [2007]; *People v Almonte,* 23 AD3d 392, 393 [2005]). Lifson, J.P., Ritter, Angiolillo and Carni, JJ., concur.