■ In the Matter of TRAYVON J., a Person Alleged to be a Juvenile Delinquent, Appellant. [959 NYS2d 167]—

Order of disposition, Family Court, New York County (Mary E. Bednar, J.), entered on or about December 2, 2011, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed an act that, if committed by an adult, would constitute the crime of sexual abuse in the first degree, and placed him on probation for a period of 18 months, unanimously affirmed, without costs.

The court properly denied appellant's suppression motion. Since the interrogating detective made a good faith effort to comply with Family Court Act § 305.2 and did not willfully or negligently disregard any of its requirements, we find no basis for suppression of appellant's statements (see Matter of Emilio M., 37 NY2d 173, 177 [1975]).

The police notified both appellant's mother and his stepfather that appellant was being taken into custody, and both parents accompanied the officers and their son to the Manhattan Child Abuse Unit. However, the detective only permitted one parent to enter the interview room. As a result, the mother was present for the interview, but the stepfather remained outside.

Family Court Act § 305.2 (3) provides that when a police officer takes a child into custody, the officer "shall immediately notify the parent or other person legally responsible for the child's care, or if such legally responsible person is unavailable the person with whom the child resides, that the child has been taken into custody." Family Court Act § 305.2 (7) provides that "[a] child shall not be questioned pursuant to this section unless he and a person required to be notified pursuant to subdivision three if present, have been advised [of the Miranda rights]."

It is plain that subdivision (3) is satisfied when the officer notifies one "parent or other person legally responsible" that their child has been taken into custody. Here the presence of appellant's mother provided the core protection intended by the statute.

We reject appellant's other claims of noncompliance with Family Court Act § 305.2. A child arrestee must be taken to court "unless the officer determines that it is necessary to question the child" (Family Ct Act § 305.2 [4] [b]). Contrary to appel-

lant's argument, interrogation is not limited to exigent circumstances, and the record fails to support appellant's claim that he was too tired to be questioned. Finally, while the questioning did not occur in a "designated juvenile room" (*see* Family Ct Act § 305.2 [4] [b]), the setting of the interview satisfied the requirement that the location be "substantially similar" to such a designated room (*see Matter of Daniel H.*, 67 AD3d 527, 528 [1st Dept 2009], *appeal dismissed* 15 NY3d 883 [2010]; *Matter of Luis N.*, 112 AD2d 86, 88 [1st Dept 1985]).

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations.

Since we conclude that any error in excluding evidence of the victim's allegedly bad reputation for truthfulness was harmless under the circumstances of the case (*see People v Crimmins*, 36 NY2d 230 [1975]), we find it unnecessary to decide whether a group of only four or five relatives can constitute a relevant community under *People v Fernandez* (17 NY3d 70 [2011]) for purposes of introducing reputation evidence. Concur—Friedman, J.P., DeGrasse, Richter and Abdus-Salaam, JJ.